**COKER et al. v. MITCHELL.**

No. 14831.

Court of Civil Appeals of Texas.

Dallas.

June 25, 1954.

Touchstone & Bernays, Dallas, for appellants.

J. Alex Blakeley, Dallas, for appellee.

DIXON, Chief Justice.

This is an appeal from an order overruling a plea of privilege.

Plaintiff Mitchell sued defendants Ruberoid Company and its truck driver Coker alleging that plaintiff sustained personal injuries when struck by the Company's truck while being operated by defendant Coker in Rockwall County, Texas, on October 10, 1952. Defendants seek to have the case transferred for trial to Dallas County, where defendant Coker lives and defendant Ruberoid Company has an agent and branch office. Plaintiff in his controverting plea asserts that the trial court's order should be affirmed because venue properly lies in Rockwall County under Art. 1995, subd. 9, V.A.C.S.

Defendants contend that (1) there is no evidence, or in the alternative there is insufficient evidence that either defendant committed a trespass in Rockwall County; (2) the court erred in permitting plaintiff to reopen the testimony after both sides had closed; and (3) the court erred in permitting a witness to testify, over defendants' objection, that in his opinion the operation of defendants' truck at a speed between thirty and thirty-five miles per hour just prior to the accident was an unsafe speed under the circumstances.

Most of the facts are undisputed. Defendant Coker at about 2:00 o'clock A.M. was driving a tractor tandem-trailer truck loaded with twelve or thirteen tons of merchandise including roofing and siding material. He was proceeding in an easterly direction not far outside the city of Rockwall, Texas. The highway at this point slopes downward, and in the course of the incline there is a forty-five degree turn in the road from north to east. Around the curve and at the foot of the incline is a bridge. Coker testified that he was driving at a speed between thirty and thirty-five miles per hour. As he rounded the curve his headlights revealed a pickup truck parked in the middle of the road about a hundred feet ahead of him. He applied his brakes and swerved to his right onto the shoulder of the road to avoid hitting the pickup truck. According to Coker, just about the time his truck was even with the rear end of the pickup truck, plaintiff came from in front of the pickup out into the path of Coker's truck and was struck by the right side of the radiator grill. Coker says that by that time he had slowed the truck down to a speed of ten or fifteen miles per hour. Plaintiff slid back along the right fender of the truck. Meantime Coker was guiding the truck back toward the left in order to miss the bridge banister. As the truck reached the bridge plaintiff rolled off the truck fender onto the bridge. Coker stopped his truck about forty-five feet further on.

Defendants say that Art. 1995, subd. 9, is not applicable because the negligence shown, if any at all is shown, is mere passive negligence which does not bring the facts within the terms of named exceptions to our venue statute. (At the time of the accident Art. 1995, subd. 9a, was not yet in effect.)

We overrule defendants' first point. The truck's speed between thirty and thirty-five miles per hour did not exceed the statutory speed limit, so was not negligence per se on the part of the driver. But we are of the opinion that the evidence is sufficient to support the court's implied finding of common law negligence under the circumstances. And we are of the further opinion that the negligence found is active negligence. J. W. Gaddy Butane Co. v. Almanza, Tex.Civ.App., 252 S.W.2d 489; Starnes v. Sumners, Tex.Civ.App., 239 S.W.2d 880; Edwards v. Hawkins, Tex.Civ. App., 77 S.W.2d 1098.

During the course of the hearing the witness W. J. Price, Sheriff of Rockwall County, was asked this question: "Q. 4. I will ask you this, Mr. Price, it is in evidence here that the trailer had a load of from twelve to thirteen tons, and that he was driving down that hill just before the accident occurred at a speed of from thirty

to thirty-five miles per hour. I will ask you if under the circumstances that existed down there that night as you saw them, taking into consideration that weight and the equipment that was involved, the tractor and trailer, if that was a safe speed to operate that tractor and trailer down that road at that point?" Objection was made to the question on the ground that (1) it calls for a conclusion without a proper predicate having been laid, and (2) it assumes facts which are not in evidence. In support of their objection defendants pointed out that it was not shown that the witness had ever operated equipment of the kind involved here and, further, that it was not in evidence as to what the condition of the road was at the time. Defendants' objection was overruled but the witness did not answer the question. His failure to do so was evidently overlooked by counsel, for after the testimony had been closed, counsel for plaintiff requested and obtained leave to reopen the testimony. These proceedings then took place:

"Q. 1. Mr. Price, I asked you the question when you were on the witness stand, if the operation of the equipment at the scene of that accident out there, just immediately west of there, at the rate of speed from 30 to 35 miles an hour and all the circumstances as they existed out there that night, was a safe speed for the operation of that type of equipment, and I thought you answered the question—there has been some question raised now as to whether or not you did answer? A. I didn't answer it. Mr. Bernays: We renew our objection. A. I did not answer it.

"Q. 2. Will you please answer it now? A. State it again, let me get it?

"Q. 3. Was that speed, under all the circumstances out there, taking into consideration the equipment, the tonnage and the weight which I gave you earlier, from 12 to 13 tons, was that a safe speed for the operation of that equipment? A. I wouldn't think so.

"Q. 4. Then your answer is that it was not a safe speed? A. That is right." At the conclusion of the testimony defendants moved that the answer be stricken on the ground that the witness had not conducted a test of the equipment and that no proper predicate had been laid.

■ Defendants' second point on appeal is overruled. It was discretionary with the court to permit plaintiff to reopen the testimony. Rule 270, Texas Rules of Civil Procedure; 41-B Tex.Jur. 134.

■ Defendants' third point on appeal is also overruled. In their brief defendants say, among other things, that the testimony of Sheriff Price as to unsafe speed was opinion evidence on an ultimate issue, hence was not admissible because it invaded the province of the court as a fact finder, there being no jury in this case. This was not one of the grounds of objection urged at the hearing before the trial court. Therefore we shall not consider it in connection with this appeal. 3-A Tex.Jur. 210.

■ Defendants did object to the questioned testimony on the grounds that (1) no proper predicate was laid, (2) it assumes facts not in evidence, (3) it was shown that the witness had not conducted a test.

We see no merit in defendants' objections as made. Sheriff Price was serving his fifth term as sheriff at the time of the hearing. For fourteen years he had had experience investigating automobile accidents—"many, many" of them. He had driven over this very road hundreds of times. He knew of the several hills on the road and of the particular downward grade and of the curve in the road and of the bridge involved in this case. He arrived on the scene of this accident soon after it happened. The pickup truck was still in the road, plaintiff was still lying on the bridge, defendant Coker and his truck were still there. The sheriff examined both trucks and talked to Coker at the scene of the accident. He testified that Coker told him he (Coker) didn't see the pickup in time to stop. In our opinion the evidence amply supports the court's implied finding that a proper predicate had been laid by qualifying the witness to give his opinion. Bee Line Coaches v. Folterman, Tex.Civ.App., 207 S.W.2d 986; McCrory's Stores Corp. v Murphy, Tex.Civ.App., 164 S.W.2d 735.

It is true that there is no detailed evidence as to the condition of the road, but the sheriff was familiar with the road and was present at the scene of the accident soon after it happened, so he must have had knowledge of the condition of the road. It is also true he did riot himself conduct a test by operating defendants' truck, but we do not think his failure to conduct a test disqualified him under the circumstances.

We think there was sufficient evidence, other than the sheriff's opinion testimony, to support the court's implied finding that the speed at which defendants' truck was being operated amounted to negligence under the circumstances. That being so, we do not believe it would be proper to reverse the trial court's judgment, even if we were to conclude that the court should not have allowed the sheriff to express his opinion. Williams v. Ritcheson, Tex.Civ. App., 212 S.W.2d 813 (Ref.); San Antonio Transit Co. v. McCurry, Tex.Civ.App., 212 S.W.2d 645 (Ref. n.r.e.).

The judgment of the trial court is affirmed.