**Ellis S. HUMBERT, Appellant,**

v.

**R. N. ADAMS, d/b/a R. N. Adams Construction Company, et al., Appellees.**

No. 16034.

Court of Civil Appeals of Texas.

Dallas.

Sept. 28, 1962.

Rehearing Denied Oct. 19, 1962.

McCulloch, Ray, Rembert, Luna & Trotti, Earl Luna, Dallas, for appellant.

Fred T. Porter, Dallas, for appellees.

DIXON, Chief Justice.

This is an appeal from an order sustaining a plea of privilege. The parties will be given the same designations as in the trial court.

Plaintiff Ellis S. Humbert brought suit in Dallas County, Texas for damages in the amount of $100,000 against defendants T. L. James & Co. Inc., and R. N. Adams, doing business as R. N. Adams Construction Company. T. L. James & Company, Inc. is a foreign corporation with its principal office and domicile in the State of Louisiana. R.

N. Adams, who filed the plea of privilege, is a resident of Kaufman County, Texas. The cause as to him was ordered transferred to Kaufman County.

Plaintiff Humbert in his petition pled that he was an inspector employed by the Texas State Highway Department. On or about November 17, 1960 he was the victim of an unprovoked assault and battery by one John Sears, alleged to be an employee of both defendants, and acting at the time in the course of his employment. According to plaintiff's pleadings the defendants had a contract with the State for the construction of improvements on Highway No. 175. It was alleged that Sears was employed by defendants as a supervisor on the job. The assault and battery took place at the scene of the construction work.

The evidence shows that plaintiff suffered serious injuries. He was knocked down twice. He was kicked in the face and body. His spleen was ruptured. Several ribs were fractured. His face was cut and bruised. He spent seventeen days in Baylor Hospital. An operation was performed to remove his spleen. His hospital and doctor's bills amounted to $1505.57. He is still weak.

In his plea controverting the plea of privilege of defendant R. N. Adams plaintiff alleged that venue should remain in Dallas County, Texas under Subdivisions 9, 23, 27 and 29a of Art. 1995, Vernon's Ann.Civ.St.

In his first point on appeal plaintiff avers that the court erred in sustaining the plea of privilege where the evidence showed that defendant R. N. Adams, within the meaning of Subdivision 9, acting by and through his agent and employee, Sears, in the course of his employment, committed a trespass and offense in Dallas County against the plaintiff's person.

In order to retain venue under Subdivision 9, plaintiff must sustain the burden of pleading and proving that the act complained of constituted a trespass or offense committed in Dallas County, that Sears was the agent of defendant Adams and that

Sears, at the time was acting within the course of his employment. Magnolia Petroleum Co. v. Mitchell, Tex.Civ.App., 215 S. W.2d 263; Poe Motor Co. v. Martin, Tex. Civ.App., 201 S.W.2d 102; Moreland v. Hawley Ind. School District, Tex.Civ.App., 163 S.W.2d 892, 897, 169 S.W.2d 227; Brown Express, Inc. v. Arnold, 138 Tex. 70, 157 S.W.2d 138.

Plaintiff's pleadings are sufficient but his evidence fails to prove the necessary venue facts.

The only testimony was that of the plaintiff himself, who testified briefly. His testimony is sufficient to support a finding that the trespass was committed in Dallas County and that Sears was an employee of defendant Adams. However his testimony, though undisputed, fails to constitute evidence that Sears was acting in the scope of his employment at the time he committed the assault and battery.

In Texas & Pacific Ry. Co. v. Hagenloh, 151 Tex. 191, 247 S.W.2d 236, our Supreme Court states that it is not ordinarily within the scope of a servant's authority to commit an assault on a third person. Usually an assault is the expression of personal animosity and is not for the purpose of carrying out the master's business. The nature of the employment may be such as necessarily to involve at times the use of force, as where the employee's duty is to guard the employer's property and to protect it from trespasses. Even under such circumstances the act must be done within the scope of general authority of the servant in order to hold the master liable.

In the above cited case, Houghland, the defendant's employee who committed the assault on Hagenloh, became incensed at Hagenloh because the latter had called him a liar. At the time Houghland was engaged in trying to find property missing from luggage. The Supreme Court held that Houghland, in striking Hagenloh, was not carrying out the railroad's business, but was carrying on an enmity that had developed between him and the plaintiff.

Though a jury had found that Houghland was acting within the course of his employment at the time of the assault, the Supreme Court reversed the judgment of the District Court and the Court of Civil Appeals and rendered judgment in favor of the defendant. Other cases to the same effect are Smith v. M. System Food Stores, Tex.Civ. App., 293 S.W.2d 215 (aff. 156 Tex. 484, 297 S.W.2d 112); Norris v. China Clipper Cafe, Tex.Civ.App., 256 S.W.2d 664; National Life & Accident Ins. Co. v. Ringo, Tex.Civ. App., 137 S.W.2d 828; Home Telephone & Elec. Co. v. Branton, Tex.Civ.App., 7 S.W. 2d 627.

It is to be noted that in the Texas & Pacific Ry. and the Home Telephone cases, referred to above, the court said that the assault could be traced back to an activity which was in the course of employment, but said activity was too remote to be a part of the assault.

Applying the above principles to the present case we must hold that plaintiff Humbert's own testimony shows that Sears at the time of the assault on Humbert was not acting within the course of his employment with defendant Adams. We quote material parts of Humbert's testimony:

"Q All right; now then, tell the court what happened—just tell the Court what happened?

"A Well, I walked up to Mr. Sears, to ask him a question and he informed me that I couldn't call him a liar, and started swinging; * * *

"Q Now, what did you say to him when he told you that you couldn't call him a liar? Had you called him a liar?

"A I told him I didn't call him a liar; he had been mistaken about that, I had never called him a liar.

"Q All right, sir; now, and what did he do or say—did he say anything, or just start hitting?

"A He was just swinging and talking foul to me.

"Q Now, did you say anything further to him to try to get him to stop?

"A I told him it wasn't any place to fight; we was both employed out there to do a job and we was supposed to try to get the job done, and get along and I wasn't going to fight with him.

"Q Yet he continued?

"A Yes, he continued.

\* \* \* \* \* \*

"THE COURT: (to the witness) What were you and Mr. Sears fussing about; what was the dispute or fight about?

"THE WITNESS: He seemed to think that I had called him a liar.

"THE COURT: About what? What did you say, what did he say?

"THE WITNESS: Well, I don't know; when I walked up, that was the first thing he said, and started swinging. I don't know what he said might have started it; something way down the line that happened earlier that day; I don't know.

"THE COURT: Well, what was that?

"THE WITNESS: Well, the material that was being used on the job was not passing the specifications and I had called into the laboratory to get the answers on it and they told me that it didn't pass and my boss called me, Mr. T. O. Henley, had called me and told me—

"MR. PORTER: I object, even though the Court asked the questions.

"THE COURT: It would be hearsay, the fuss was about materials?

"THE WITNESS: Well, presumably, Judge.

"MR. PORTER: Well, I understood you to say that the fight took place over the fact that he said you had called him a liar; isn't that right?

"THE WITNESS: That's right."

The assault arose out of a personal resentment on Sears' part against Humbert. Sears was not in the course of his employment with Adams when the assault was committed. If there was any connection at all between the assault and the alleged failure of some of the materials not "passing the specifications", that connection, as Humbert himself said, was "something way down the line." It was too remote to be considered a part of the assault.

Plaintiff's first point is overruled.

In his second point on appeal plaintiff takes the position that venue may be maintained in Dallas County under Subdivisions 23, 27 and 29a of Art. 1995, V.A.C.S. because (1) the suit was filed in the county in which the cause of action arose and plaintiff resided in said county, and (2) one of the defendants, T. L. James & Co. Inc., was a foreign corporation doing business within the State of Texas with an agent in Dallas County, Texas.

We have read the statement of facts several times and we find no evidence that Sears was an employee of T. L. James & Co. Inc.; no evidence that said corporation, through any of its agents, had any connection with the alleged assault and battery; and no evidence that the corporation had an agent in the State of Texas or the County of Dallas. It was stipulated in open court that T. L. James & Co. Inc., is a foreign corporation domiciled in the State of Louisiana. Plaintiff attempted to introduce an alleged copy of a contract between the two defendants, and the State of Texas. This instrument, upon objection of defendant, was not admitted into evidence. Otherwise, the record evidence is silent as to the defendant, T. L. James & Co. Inc. There is not even any evidence in the record that plaintiff was a resident of Dallas County at the time of the assault.

■ ▪Without going into detail we shall simply say that in the absence of proof of any of the above facts Subdivisions 23, 27 and 29a of Art. 1995, V.A.C.S. are not applicable in this case. Educators Mutual Life Ins. Co. of America v. Skinner, Tex. Civ.App., 146 S.W.2d 276; Painter Bus Lines v. Carpenter, Tex.Civ.App., 146 S.W. 2d 278; General Mills Inc. v. Livingston, Tex.Civ.App., 333 S.W.2d 215; Douglass v. Flintkote Co., Tex.Civ.App., 207 S.W.2d 635; Oakland Motor Car Co. v. Jones, Tex. Civ.App., 29 S.W.2d 861; mandamus denied, 121 Tex. 405, 48 S.W.2d 982; Haney v. Henry, Tex.Civ.App., 307 S.W.2d 649; Ladner v. Reliance Corp., 156 Tex. 158, 293 S.W.2d 758; Union Bus Lines v. Byrd, 142 Tex. 257, 177 S.W.2d 774; R. E. Cox Dry Goods Co. v. Kellog, Tex.Civ.App., 145 S.W.2d 675. Plaintiff's second point on appeal is overruled.

The judgment of the trial court is affirmed.