**Billy Earl LOPER, Appellant,**

v.

**Lula ANDREWS, Individually and as Next Friend for Charles Andrews, a Minor, Appellee.**

**No. 4373.**

Court of Civil Appeals of Texas.

Waco.

Oct. 21, 1965.

Rehearing Denied Nov. 18, 1965.

Jones, Boyd, Westbrook & Lovelace, Waco, for appellant.

Thos. Bartlett and Jack Welch, Marlin, for appellee.

WILSON, Justice.

This personal injury action, tried before a jury, resulted in judgment for plaintiff. We affirm.

Appellant groups ten points complaining of admission, under Art. 3737e, Vernon's Ann.Civ.St., of a paragraph of a private hospital record made by Doctor Swetland, an agent of the hospital, which contained the following language concerning plaintiff: "I have referred him to Dr. Hutchings for examination, and again he finds a papel-ledema of the left optic disc of about 2 diopters. This, he believes, is definitely the result of a fracture of the base of the skull, and some left optic nerve pressure. This is probably attributable to the automobile accident suffered October 5, 1963."

The argument under these points is that no proper predicate was laid as required by Art. 3737e showing the entry was made in the regular course of business or was transmitted as required by that statute; that the entry constituted hearsay; that the entry contained conclusions and statements not shown to be within the personal knowledge of Dr. Hutchings or Dr. Swetland; and that the diagnosis was controversial.

We do not reach these contentions for the reason these objections now asserted were not made in the trial court, and the objection which was actually made does not preserve the points for review.

The admission of the hospital records developed as follows: Plaintiff called Dr. Swetland who testified he examined plaintiff after three other doctors had done so, and the results were in the hospital records. These records included the examination report of Dr. H. O. Smith and Dr. Hutchings. The entire record, Exhibit P–13, consisted of four typed pages. Defendant's counsel thereupon suggested, "If he can connect up the one he is going to use, it might save calling Dr. Smith." He then said, "With the exception of one thing, I would agree, and save calling Dr. Smith. I object to this as not being an opinion of the doctor himself. Just this one sentence here. I object to that one sentence; otherwise I don't have any objection, and it would save calling Dr. Smith." The sentence referred to is not identified in the record. Plaintiff's counsel then said, "that is Dr. Hutchings." Defendant's counsel answered, "Dr. Hutchings, rather. I object because that is the opinion of another doctor."

In the absence of the jury defendant's attorney then read to Dr. Swetland the portion of Exhibit P–13 now complained of, establishing that "that sentence includes the opinion of Dr. Hutchings," and objecting to "that portion" because it "includes the opinion of another doctor not here for cross-examination." He then stated, "I have no objection to the rest of Exhibit P–13."

■ Objections to admissibility of evidence not made in the trial court, where assertion of the grounds would afford that court an opportunity to pass on them, may not be first presented on appeal. Hill v. Baylor, 23 Tex. 261, 263; Coker v. Mitchell, Tex.Civ.App., 269 S.W.2d 950, Texas Bus Lines v. Whatley, Tex.Civ.App., 210 S.W. 2d 626, writ ref. n. r. e. The grounds specified may not be enlarged on appeal to include those not asserted. Bohanan v. Hans, 26 Tex. 445, 452; McCormick and Ray, Texas Law of Evidence, Secs. 22, 26, and cases cited.

■ Defendant's counsel waived the laying of a predicate by assuring the trial court: "otherwise I don't have any objection," and "I have no objection to the rest of the exhibit." Missouri Pacific Railroad Company v. Watson, Tex.Civ.App., 346 S.W.2d 640, 641, syl. 1, writ ref. n. r. e.

■ Complaint is made that the charge improperly permitted recovery by the parent for loss of value of future earnings and services of the minor plaintiff. No objection to this portion of the charge appears in the record presented except as to the quantum of evidence. The deficiencies argued are not preserved as required by Rule 274, Texas Rules of Civil Procedure, and the objections are waived.

■ Defendant says inclusion of an improper element of recovery in the charge on damages presents "fundamental error," obviating necessity for objection in the trial court. An error "which directly and adversely affects the interest of the public generally, as that interest is declared by the statutes or Constitution of our State, is fundamental," as is a showing the court is without jurisdiction of the subject matter. McCauley v. Consolidated Underwriters, 157 Tex. 475, 304 S.W.2d 265, 266; Ramsey v. Dunlop, 146 Tex. 196, 205 S.W.2d 979; See Tex. Emp. Com'n v. International U. of E. R. and M. Wkrs., 163 Tex. 135, 352 S.W. 2d 252, 253; Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887; West Texas Utilities Company v. Irvin, 161 Tex. 5, 336 S.W.2d 609, 611. The interests contended for by appellant belong exclusively to the litigants in this case and the form of the charge on damages does not constitute "fundamental error."

Appellant's other points, including those contending the evidence is insufficient to support recovery for loss of the minor's future earnings, and that the damages are excessive, have been considered and are overruled.

Affirmed.