Antonio R. ROSALES, et ux., Appellants,

v.

AMERICAN BUSLINES, INC., et al., Appellees.

No. 6903.

Court of Civil Appeals of Texas, El Paso.

April 23, 1980.

Rehearing Denied May 21, 1980.

Richard Yetter & Associates, P. C., Richard Yetter, El Paso, for appellants.

Scott, Hulse, Marshall & Feuille, George W. Finger, James T. McNutt, Jr., Arturo R. Aguirre, El Paso, for appellees.

## OPINION

WARD, Justice.

This is a summary judgment case where a take nothing judgment was entered against Plaintiffs, Antonio Rosales and his wife, Maria Cristina, in their suit against American Buslines, Inc. The Plaintiffs sued for assault and battery made upon Mr. Rosales by Jesus Herren, who was an employee of American Buslines, Inc. The Defendants were both the bus company and the employee, and the summary judgment was only in favor of American Buslines, Inc. Thereafter, the Plaintiffs, upon trial by jury, recovered damages against the employee Herren. The Plaintiffs appeal, and complain of the granting of the summary judgment in favor of American Buslines, Inc. We affirm.

Both the Plaintiff, Antonio Rosales, and the Defendant, Jesus Herren, were employed as ticket agents by American Buslines at its El Paso bus station. On May 5, 1976, Plaintiff Rosales, while off duty, was on his way to a Union meeting, and stopped at the bus station to find out where the meeting was to take place. He was on the terminal property, and was talking to two female employees, who were also off duty and who were planning to complain about the Plaintiff at the union meeting regarding his selling insurance while not on duty. The Defendant Herren was on duty, and was returning to the terminal after moving his automobile when he encountered the Plaintiff. A fight ensued between the two men, and the Plaintiff was badly beaten.

The Defendant, American Buslines, filed its motion for summary judgment after January 1, 1978, and as grounds therefore stated that Herren was not acting within the scope of his employment as a ticket agent for the Buslines, that he was acting solely as the result of personal animosity toward the Plaintiff which was in no way

connected with or in furtherance of the Buslines' business or of Herren's duties as a ticket agent, and that, as a matter of law, the Buslines was not liable for the intentional assault that Herren made upon the Plaintiff. The summary judgment proof consisted of the depositions of the Plaintiff Rosales and the Defendant Herren. The non-moving Plaintiffs failed to respond to the motion for summary judgment.

The sole point on appeal is a general one that the trial court erred in finding that there was no genuine issue of any material fact to be tried concerning the liability of American Buslines. The only argument made by the Plaintiffs under the point is that the summary judgment proof was deficient as it failed to establish as a matter of law that Rosales was not acting within the scope of his employment or in the furtherance of either the business of the employer or his duties as a ticket agent, and, further, that it failed to establish that the fight was solely as a result of personal animosity on Herren's part toward the Plaintiff Rosales. The point and arguments permit this Court to examine the summary judgment proof to determine if it is sufficient to support the motion, even though the non-movant filed no reply in the trial Court. The Supreme Court so held when it considered the application for the writ of error made in *Combs v. Fantastic Homes, Inc.*, 584 S.W.2d 340 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.). The Court there stated that:

> [A] non-movant needs no answer or response to a motion for summary judgment in order to urge on appeal that the movant's proof was insufficient to establish as a matter of law the specific grounds relied on by the movant. 596 S.W.2d 502 (Tex.1979).

See *Chandler v. El Paso National Bank*, 589 S.W.2d 832 at 834 (Tex.Civ.App.—El Paso 1979, no writ). In other words, this Court still has the duty to determine if the summary judgment proof established as a matter of law that there was no genuine issue of fact as to one or more of the essential elements of the Plaintiffs' cause of action. *Gibbs v. General Motors Corporation*, 450 S.W.2d 827, 828 (Tex.1970).

There is a line of cases in this State that have employed the "rule of force." That rule held that before an employer could be liable for the assault and battery of its servant, the employer must have authorized the act, either expressly or impliedly, by placing the individual in a position which involved the use of physical force itself. Under that rule, a plaintiff had to allege and prove that the servant's position was one that permitted the use of force and, if not, there was no recovery. *Texas & P. Ry. Co. v. Hagenloh*, 151 Tex. 191, 247 S.W.2d 236 (1952); *McCord v. Southern Distributing Company*, 356 S.W.2d 350 (Tex.Civ.App.—Austin 1962, no writ); *Dart v. Yellow Cab, Inc.*, 401 S.W.2d 874 (Tex.Civ.App.—Amarillo 1966, writ ref'd n.r.e.). See Cantu, *Vicarious Liability of an Employer for an Assault by His Servant: A Survey of Texas Cases Reexamining the "Rule of Force,"* 4 St. Mary's L.J. 169 at 172 (1972). Following those cases, the summary judgment was proper. The summary judgment proof established that both participants in the fight were hired as ticket agents; that they were required to conduct themselves in a businesslike manner at all times; and that they were prohibited from "bickering, arguing or fighting with anyone—including any employee."

A more liberal rule has been employed by another line of cases. They hold that the test of the master's liability is not whether the servant's employment contemplated the use of force, but whether the act complained of arose directly out of and was done in the prosecution of the business that the servant was employed to do. Even under that rule, a plaintiff is denied recovery where the employee at the time of the assault was not acting within the scope of his employment but was furthering his own interest. *Smith v. M System Food Stores*, 156 Tex. 484, 297 S.W.2d 112 (1957); *Humbert v. Adams*, 361 S.W.2d 458 (Tex.Civ.App.—Dallas 1962, no writ); *Sheffield v. Central Freight Lines, Inc.*, 435 S.W.2d 954 (Tex.Civ.App.—Dallas 1968, no writ); *Bradford v. Fort Worth Transit Company*, 450

S.W.2d 919 (Tex.Civ.App.—Fort Worth 1970, writ ref'd n.r.e.). See *Vicarious Liability of an Employer for an Assault by His Servant*, supra, at 174–179.

■ Applying this so-called scope of employment test, we find that the evidence affirmatively established that at the time of the fight the Defendant Herren was not acting in the furtherance of the master's business but was acting out of his personal animosity toward this fellow employee. Rosales' own testimony was that while he was talking to the two women about the complaint that they proposed to make at the Union meeting, he was assaulted by Herren because of an old grudge that Herren held who thought the Plaintiff had drawn too much overtime. This grudge or argument arose several weeks before the fight. Any connection with the employment was too remote to be considered as a part of the assault. See *Humbert v. Adams*, supra, at 461. The Plaintiffs' point is overruled.

■ The major portion of the damages assessed against the Defendant Herren came as a result of the jury's answer to a special issue which inquired as to the amount of damages which would compensate the injured Plaintiff, Antonio Rosales, for "loss of consortium." Although Herren did not appeal, he attacks this improper special issue and finding as one presenting fundamental error. We hold that fundamental error is not presented. *McCauley v. Consolidated Underwriters*, 157 Tex. 475, 304 S.W.2d 265 (1957); *Ramsey v. Dunlop*, 146 Tex. 196, 205 S.W.2d 979 (1947); *Loper v. Andrews*, 395 S.W.2d 873 (Tex.Civ.App.—Waco 1965) aff'd 404 S.W.2d 300 (Tex.1966).

The judgment of the trial Court is affirmed.