**Anna SAENZ, Individually and as Next Friend of Laura T. Saenz, and Linda K. Pesina, Appellants,**

v.

**FAMILY SECURITY INSURANCE COMPANY OF AMERICA, Appellee.**

No. 04–88–00653–CV.

Court of Appeals of Texas, San Antonio.

March 21, 1990.

Humberto G. Garcia, San Antonio, for appellants.

Anthony Icenogle, Karen Key Johnson, DeLeon, Boggins & Richards, Austin, for appellee.

Before REEVES, CHAPA and BIERY, JJ.

## OPINION

REEVES, Justice.

This is an appeal brought by Anna Saenz, Individually and as Next Friend of Laura T. Saenz and Linda K. Pesina, from a summary judgment granted in favor of Security Insurance Company of America, appellee.

In appellant's sole point of error, appellants assert that the trial court erred when it granted summary judgment in favor of Family Security Insurance Company of America (hereafter Security Insurance) solely on its pleadings, because the pleadings raise a genuine issue of material fact.

Severando Silva, Security Insurance's employee, was hired to sell life insurance by appellee. Silva sold a life insurance policy to Leonel Saenz, on the life of one of his employees, Mario Alvarez. (Leonel Saenz is Anna Saenz's husband and the father of Laura T. Saenz and Linda K. Pesina). Silva convinced Leonel Saenz to assist him in a plot to murder Mario Alvarez for the purpose of benefitting from the proceeds of Alvarez's life insurance policy. The authorities intervened and arrested both Leonel Saenz and Servando Silva. Both were tried by a jury, convicted and sentenced to a term of confinement in the Texas Department of Corrections.

The details of the conspiracy to commit the murder of Alvarez were totally unknown to appellants until the time of Leonel Saenz's arrest. Appellants alleged in their petition that Silva, an employee of Security Insurance, was acting in the discharge of his employment when he devised

a plan in which Leonel Saenz would take an insurance policy out on the life of Mario Alvarez and then murder Alvarez for the insurance proceeds. The knowledge of the plot, details and acts of Silva, appellee's employee, allegedly caused appellants to suffer severe emotional distress.

Appellants assert their cause of action pursuant to Section 46 of the 2nd Restatement of Torts, which states: "One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to others results from it, for such bodily harm...."

Security Insurance in its motion for summary judgment specifically indicated how appellants' pleadings were deficient, and this provided appellants with adequate notice of the deficiencies in their pleadings.

Appellee's motion for summary judgment was filed with the court on June 8, 1987. Security Insurance states in its motion the following:

> There are no issues as to any material facts.
>
> For the purposes of this motion Defendant [appellee] accepts as true all of the factual allegations contained in the petition filed by Plaintiff[s] [sic] [appellants].
>
> The defendant is entitled to a judgment as a matter of law *because the facts as plead by plaintiffs negate plaintiffs' cause of action....* The actions of Defendant Silva as plead by Plaintiffs if taken as true are clearly as a matter of law outside the scope and course of employment. (Emphasis added).

On August 21, 1987, the court held a hearing on appellee's motion for summary judgment. The court signed the order granting appellee's motion for summary judgment on September 2, 1987.

No special exceptions were filed, nor were any requested. Generally, a plaintiff will be given an opportunity to amend his pleading before a summary judgment will be rendered on plaintiff's pleading. *Steele v. City of Houston*, 603 S.W.2d 786, 788 (Tex.1980); *Texas Department of Corrections v. Herring*, 513 S.W.2d 6, 9 (Tex.

1974). However, a plaintiff may plead himself out of court, when he *pleads facts which affirmatively negate his cause of action.* In such an instance, it is proper to grant the movant's motion for summary judgment. *Herring, supra.* (Emphasis added); *Perser v. City of Arlington*, 738 S.W.2d 783 (Tex.App.—Fort Worth 1987, writ denied); *Woodson Lumber City of College Station*, 752 S.W.2d 744, 748 (Tex. App.—Houston [14th Dist.] 1988, no writ). This is what occurred in this case.

Under the scope of employment test, the test of the master's liability is whether the act complained of arose directly out of and was done in the prosecution of the business that the servant was employed to do. *Rosales v. American Bus Lines, Inc.*, 598 S.W.2d 706, 708 (Tex.Civ.App.—El Paso 1980, writ ref'd n.r.e.). When a servant deviates from the performance of his duties for his own purposes, then the master is not responsible for what occurs during that deviation. *Viking v. Circle K Convenience Stores*, 742 S.W.2d 732, 734 (Tex.App.—Houston [1st Dist.] 1987, writ denied). To hold the master liable, the act of the servant must be done in the furtherance of the master's business, and for the accomplishment of the object for which the servant is employed. *Kendall v. Whataburger, Inc.*, 759 S.W.2d 751 (Tex.App.—Houston [1st Dist.] 1988, no writ).

Silva was employed as an insurance agent to sell life insurance policies for the company. These were his authorized duties. When Silva devised a scheme wherein he would sell an insurance policy on Mario Alvarez's life and then kill Alvarez for the insurance proceeds, he was not acting in the furtherance of the Security Insurance's business. It is inconceivable that an employee could plan and execute a fraud upon his employer and be in the furtherance of his employment. There would be no benefit to Security Insurance for this transaction.

The judgment of the trial court is affirmed.