**MERCHANTS FAST MOTOR LINES, INC., Merchants of Texas, Inc., Merchants Truckload Company, Inc., and Gordon D. Hart, Appellants,**

v.

**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, Appellee.**

No. 11–95–225–CV.

Court of Appeals of Texas, Eastland.

April 11, 1996.

Rehearing Overruled May 9, 1996.

Malcolm Schulz, Schulz & Robertson, Abilene, Arlen D. "Spider" Bynum, Dallas, for appellants.

Susan Abbott Schwartz, Robin Foret, Landau, Omahana & Kopka, Ltd., Dallas, for appellee.

James L. Post, Corpus Christi.

Before ARNOT, C.J., and DICKENSON and FARRIS[1], JJ.

ARNOT, Chief Justice.

At issue in this declaratory judgment case is National Union Fire Insurance Company of Pittsburgh, PA's duty to defend its insured, Merchants Fast Motor Lines, Inc., Merchants of Texas, Inc., Merchants Truckload Company, Inc., and a driver, Gordon D. Hart, under two policies in a wrongful death action.

While operating a Merchants' truck, Hart shot Casimiro Gonzalez, who was a passenger in a van. Gonzalez subsequently died from the gunshot wound. These are the only facts concerning the shooting contained in the pleadings. Gonzalez' parents and children brought a wrongful death action in Hidalgo County alleging that Hart was negligent in handling a firearm and that Merchants was negligent in hiring Hart and in failing to provide proper supervision of its driver. Merchants requested coverage under either of two policies, a commercial general liability policy and a truckers coverage policy, both issued by National Union.

National Union acknowledges that it has a duty to defend Merchants in the underlying suit under the commercial general liability policy. National Union has reserved its right to question its duty to indemnify Merchants under this policy. National Union brought this declaratory action in Taylor County, Merchants' principal place of business, seeking determination of its remaining duties to defend appellants under either policy.[2] The trial court entered a summary judgment holding that National Union has no duty to defend Merchants against any claims alleged in the underlying suit under the truckers policy and that National Union has no duty to defend Hart under either policy. Merchants and Hart appeal, bringing two points of error complaining that the trial court erred in granting National Union's motion for summary judgment.[3] We reverse the judgment of the trial court.

To determine whether an insurer has a duty to defend its insured in a lawsuit, the allegations in the underlying suit must be considered in light of the provisions of the insurance policy. *Heyden Newport Chemical Corporation v. Southern General Insurance Company*, 387 S.W.2d 22 (Tex.1965); *Duncanville Diagnostic Center, Inc. v. Atlantic Lloyd's Insurance Company of Texas*, 875 S.W.2d 788 (Tex.App.—Eastland 1994, writ den'd). This rule is sometimes referred to as the "eight corners" rule. The allegations will be considered without reference to their truth or falsity, to what the parties know or believe to be the true facts, or to a

---

1. David Farris, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth sitting by assignment.

2. TEX.CIV.PRAC. & REM.CODE ANN. § 37.001 et seq. (Vernon 1986).

3. We will apply the well-established rules governing appellate review of summary judgments. See *Nixon v. Mr. Property Management Company, Inc.*, 690 S.W.2d 546 (Tex.1985).

legal determination of the true facts; and the allegations must be given a liberal interpretation, resolving all doubts in favor of the insured. Heyden Newport Chemical Corporation v. Southern General Insurance Company, supra. In reviewing the underlying pleadings, the court must focus on the factual allegations that show the origin of the damages rather than on the legal theories alleged. *Adamo v. State Farm Lloyds Company,* 853 S.W.2d 673 (Tex.App.—Houston [14th Dist.] 1993, writ den'd); *Continental Casualty Co. v. Hall,* 761 S.W.2d 54 (Tex. App.—Houston [14th Dist.] 1988, writ den'd), *cert. den'd,* 495 U.S. 932, 110 S.Ct. 2174, 109 L.Ed.2d 503 (1990).

 The duty to defend is not affected by facts ascertained before suit, by facts developed in the process of litigation, or by the ultimate outcome of the suit. *Fidelity & Guaranty Insurance Underwriters, Inc. v. McManus,* 633 S.W.2d 787 (Tex.1982); *Argonaut Southwest Insurance Company v. Maupin,* 500 S.W.2d 633 (Tex.1973). In contrast, the duty to indemnify is based not upon the pleadings but upon the actual underlying facts which result in liability. *Cullen/Frost Bank of Dallas, N.A. v. Commonwealth Lloyd's Insurance Company,* 852 S.W.2d 252 (Tex.App.—Dallas 1993), *writ den'd,* 889 S.W.2d 266 (Tex.1994); *American Alliance Insurance Company v. Frito–Lay, Inc.,* 788 S.W.2d 152 (Tex.App.—Dallas 1990, writ dism'd).

The factual allegations of the pleadings recite:

### V.

Defendant GORDON D. HART was operating a tractor-trailer rig, owned by the Defendant MERCHANTS ... under the auspices of, and/or in furtherance of the business of the Defendant MERCHANTS ... and/or in the alternative, in the course and scope of his employment....Plaintiffs would assert and allege that ... HART was operating the tractor-trailer in a westerly direction on U.S. Highway 107. Decedent CASIMIRO GONZALEZ was a passenger in a ... van, also westbound....While the ... van was alongside the tractor rig driven by ... HART ...

HART negligently discharged a firearm and caused a bullet to strike ... GONZALEZ. As a consequence ... GONZALEZ sustained severe bodily injuries ultimately resulting in his death.

### VI.

Plaintiffs allege and aver that, in the events giving rise to this suit ... HART ... and MERCHANTS ... were each negligent, and that such negligence was the proximate cause of the injury to and death of ... GONZALEZ and all of the losses, damages, and injuries sustained by the Plaintiffs and made the basis of this suit. Pleading more specifically, Plaintiffs aver that ... MERCHANTS ... [was] negligent in selecting and hiring ... HART, and in failing to properly supervise ... HART, and that such negligence was the proximate cause of the injuries and damages made the basis of this suit. Further, Plaintiffs aver that ... HART was negligent in failing to properly handle and control the firearm in question, and that such negligence was the proximate cause of the injuries and damages made the basis of this suit.

The truckers policy provides:

A. COVERAGE

We will pay all sums an insured legally must pay as damages because of bodily injury or property damage to which this insurance applies, *caused by an accident and resulting from the ownership, maintenance or use of a covered auto.* (Emphasis added)

National Union contends that it does not owe a duty to defend either Hart or Merchants under the truckers policy because the injuries suffered by Gonzalez as alleged in the underlying suit did not result from the "ownership, maintenance or use" of the vehicle operated by Hart. National Union urges that there must be a causal connection between the use of the automobile and the accident. Because the discharging of a firearm is not causally connected to the driving of the truck, National Union argues that there is no liability and, therefore, that it has

no duty to defend Merchants or Hart under the truckers policy.

As authority for its position, National Union cites *Collier v. Employers National Insurance Company*, 861 S.W.2d 286 (Tex. App.—Houston [14th Dist.] 1993, writ den'd). In *Collier*, Collier was driving a friend's vehicle when an unidentified vehicle pulled alongside and fired two shots. Collier was injured and sought to recover under the uninsured motorist provision of the policy that his friend had on the vehicle. The two vehicles never collided, and Collier's injuries resulted solely from the gunshots.

In *Collier*, the uninsured motorist coverage provided:

> We will pay damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by a covered person, or property damage, caused by an accident. The owner's or operator's liability for these damages must arise out of the *ownership, maintenance or use* of the uninsured vehicle. (Emphasis added)

In its interpretation of the above language when taken together with the word "hit" used in the definition of "uninsured motor vehicle" in the policy, the court in *Collier* concluded that the parties to the insurance contract intended to insure against automobile collisions. The court stated:

> The policy does not purport to protect the insured against criminal assaults or other criminal acts levied against the vehicle's occupants. We doubt that the risk of bodily injury arising from a criminal assault is the type of risk that two parties to an automobile liability insurance contract normally contemplate.

In *Collier*, the court held that the term "arising out of the use of the uninsured motor vehicle" did not encompass drive-by shootings from moving vehicles.

We agree with the reasoning of the court in *Collier* and the cases cited therein to support its conclusions. However, we do not believe that *Collier* is applicable to the case before us. The holding in *Collier* is to be read in light of "the duty to indemnify" and

not the "duty to defend." In Texas, it is possible to have a duty to defend and no duty to indemnify. The difference is that the duty to indemnify is based upon facts that have been established whereas the duty to defend is based upon facts that have been alleged.

■ In the case before us, the facts surrounding Hart's shooting of Gonzalez have yet to be determined. In this case, the pleadings allege that, while operating a Merchants' truck, Hart was negligent in discharging a firearm. We do not assume that Hart intentionally shot Gonzalez. Also, we do not assume every factual scenario that would raise a duty to defend. Rather, we determine if the allegations considered in light of the provisions of the insurance policy raise facts that fall within the coverage. Any doubt as to whether the complaint states a covered cause of action is resolved in the insured's favor. *Cluett v. Medical Protective Company*, 829 S.W.2d 822 (Tex.App.—Dallas 1992, writ den'd). If a driver were authorized by Merchants to carry a weapon when operating its truck in order to protect the truck and its contents and if the driver negligently discharged a firearm while operating that truck, then damages caused by the discharge would arguably arise out of the operation of that vehicle.

Until the facts are developed by competent evidence, it cannot be determined whether the negligent discharging of a firearm is causally connected to the driving of the truck. We hold that, when fairly and reasonably construed, Gonzalez's allegations state a cause of action potentially covered by the policy. We hold that the trial court erred in holding that National Union did not have a duty to defend Merchants and Hart under its truckers policy.

■ The commercial general policy provides in part:

COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. Insuring Agreement

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury."

2. Exclusions

This insurance does not apply to:

a. "Bodily injury" ... expected or intended from the standpoint of the insured. *This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.* (Emphasis added)

National Union urges that it has no duty to defend Hart under this policy because Hart was not acting in the course and scope of his employment at the time of the shooting. See *Saenz v. Family Security Insurance Company of America,* 786 S.W.2d 110 (Tex.App.—San Antonio 1990, no writ) ("scope and course of employment" analysis), and *Rosales v. American Buslines, Inc.,* 598 S.W.2d 706 (Tex.Civ.App.—El Paso 1980, writ ref'd n.r.e.) ("rule of force" analysis). However, National Union again assumes facts concerning the shooting that have yet to be proven.

Applying the "eight corners" rule, the pleadings allege that Hart was Merchants' employee and that Hart "negligently discharged a firearm" while operating a Merchants' truck. Such allegations do not conclusively establish that Hart was not in the course and scope of his employment. The insurance contract contains a specific exception to the exclusion for "bodily injuries" caused intentionally by the insured. Upon trial on the merits, facts could be established that Hart was using reasonable force to deter the theft of Merchants' property. And, again, the facts may not. However, these are facts that will determine a duty to indemnify, not a duty to defend. We hold that the trial court erred in holding that National Union did not have a duty to defend Hart under the commercial general policy. We sustain appellants' two points of error.

We reverse the summary judgment of the trial court and remand this case for further proceedings consistent with this opinion.