Gray H. Miller, United States District Judge *798 Pending before the court are (1) a motion for summary judgment filed by plaintiff Centauri Specialty Insurance Company ("Centauri") (Dkt. 12); and (2) a motion for leave to file a supplemental reply (Dkt. 17). Having considered the motion for summary judgment, response, reply, exhibits, and applicable law, the court is of the opinion that Centauri's motion for summary judgment (Dkt. 12) should be GRANTED with regard to the duty to defend and DENIED WITHOUT PREJUDICE with regard to the duty to indemnify. The motion for leave to file a supplemental reply (Dkt. 17) should be GRANTED.
I. BACKGROUND
A. Factual and Procedural Background
This is a dispute regarding insurance coverage. Centauri is seeking a declaration that it does not have a duty to defend or indemnify Zachary Hansen, Christine Hansen, or Daniel Hansen (collectively, "the Hansens") in an underlying state lawsuit ("underlying suit").[1] Dkt. 12-1. The Hansens have a homeowners insurance policy ("policy") through Centauri. Dkt. 12-3. The relevant part of the policy provides that Centauri will defend the Hansens in suits brought against them for damages as a result of "bodily injury or property damage caused by an occurrence." Id.
In the underlying suit, Caleb Del Real claims that the Hansens, among others, are responsible for his mental anguish, emotional pain, humiliation, and need for medical care. Id. ¶ 51. Del Real alleges that members of his swim team,[2] including Zachary Hansen, created chat groups with the sole purpose of bullying Del Real due to his disability.[3] Id. ¶ 40. Del Real contends that members of his swim team used the chat rooms to send "vulgar, harassing, racist, sexual and obscene messages" as well as obscene memes using Del Real's image. Id.
Del Real alleges that his coach, at the behest of Del Real's mother, spoke to the parents of all of the swimmers involved. Id. ¶ 42. These parents included Daniel Hansen and Christine Hansen, the parents of Zachary. Id. Del Real states a number of claims in his complaint, but he only names the Hansens in his negligence, gross negligence, defamation, and libel claims. Id. ¶¶ 47, 49-50. The Hansens generally deny all allegations made against them in the underlying suit. Dkt. 12-3 at 1.
The Hansens demanded that Centauri provide a defense and indemnify them against the claims made in the underlying suit. Dkt. 1 ¶ 10; Dkt. 2 ¶ 10. Centauri, while reserving all rights pending a judicial determination with respect to coverage, has agreed to provide a defense in the underlying suit. Dkt. 1 ¶ 11; Dkt. 2 ¶ 11.
*799 In the instant suit, Centauri is seeking a declaration that it does not have a duty to defend or indemnify the Hansens in the underlying suit. Dkt. 1 at 6-7. Centauri filed a motion for summary judgment seeking a determination that the alleged conduct is not covered under the liability coverage portion of the Hansen's homeowners policy. Id. ¶ 7.
B. The Policy
The relevant section of the Hansens' Homeowners Form B policy from Centauri is Section II-Liability Coverage. Dkt. 12-3 at 9. Within that section is the following description of Coverage C (Personal Liability): "If a claim is made or a suit is brought against an insured for damages because of bodily injury or property damage caused by an occurrence to which this coverage applies, we will" indemnify the insured against damages and provide a defense to the suit. Id. Section II-Exclusions states, however, that Coverage C (Personal Liability) "does not apply to: b. bodily injury or property damage which is caused intentionally by or at the direction of the insured." Id.
The policy provides definitions for the bolded and underlined terms. The term "insured" means the "[policyholder] and residents of [the policyholder's] household who are: a. [policyholder's] relatives; or b. other persons under the age of 21 and in the care of any person named above." Id. at 1. "Bodily injury" is defined as "bodily harm, sickness or disease. This includes required care, loss of services and death that results." Id. Finally, an "occurrence" is "an accident, including exposure to conditions, which results in bodily injury or property damage during the policy period." Id.
II. LEGAL STANDARD
A court shall grant summary judgment when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for the nonmoving party." Fordoche, Inc. v. Texaco, Inc. , 463 F.3d 388, 392 (5th Cir. 2006). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett , 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the moving party meets its burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e). The court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. Envtl. Conservation Org. v. City of Dallas , 529 F.3d 519, 524 (5th Cir. 2008).
III. ANALYSIS
A. Duty to Defend
Under Texas law, courts follow the "eight corners" rule to determine whether an insurer has a duty to defend. Federated Mut. Ins. Co. v. Grapevine Excavation Inc. , 197 F.3d 720, 723 (5th Cir. 1999). "Under this rule, courts compare the words of the insurance policy with the allegations of the plaintiff's complaint to determine whether any claim asserted in the pleading is potentially within the policy's coverage." Id. "The duty to defend analysis is not influenced by facts ascertained before the suit, developed in the process of litigation, or by the ultimate outcome of the suit." Primrose Operating Co. v. Nat'l Am. Ins. Co. , 382 F.3d 546, 552 (5th Cir. 2004). Rather, it is determined by examining the eight corners of the pleadings and the policy. Zurich Am. Ins. Co. v. Nokia, Inc. , 268 S.W.3d 487, 491 (Tex. 2008). All doubts with regard to the duty to defend are resolved in favor of the duty.
*800 Id. Courts applying the eight corners rule "give the allegations in the petition a liberal interpretation." Nat'l Union Fire Ins. Co. of Pittsburgh v. Merchs. Fast Motor Lines, Inc. , 939 S.W.2d 139, 141 (Tex. 1997). Courts must not, however, "read facts into the pleadings, ... look outside the pleadings, or imagine factual scenarios which might trigger coverage." Id. at 142. The insured has the burden of showing that a claim is potentially within the coverage of the policy. Federated Mut. Ins. Co. , 197 F.3d at 723.
Centauri contends that there is no duty to defend the Hansens in the underlying suit because Del Real did not allege a covered bodily injury. Dkt. 12-1 at 4. The Hansens argue that by seeking damages for past and future medical care and expenses, Del Real did allege bodily injury, potentially bringing the injury within coverage. Dkt. 14 at 6. In support of their contention, the Hansens allege that "damages sought for medical care in the past and in the future naturally leads [sic] to the conclusion that there is a physical manifestation for which Del Real has sought and will continue to seek medical care." Id.
A physical manifestation is required for an emotional injury to be covered under bodily injury as defined in the Centauri policy. See Evanston Ins. Co. v. Legacy of Life, Inc. , 370 S.W.3d 377, 382 (Tex. 2012) ("[A] physical manifestation is required for sickness or disease to be covered."); Trinity Universal Ins. Co. v. Cowan , 945 S.W.2d 819, 823 (Tex. 1997) (holding that "bodily injury" (definition identical to definition in Centauri policy) does not include purely emotional injuries and "unambiguously requires an injury to the physical structure of the human body"). In Trinity , the court held that pure mental anguish is not "bodily injury." Trinity , 945 S.W.2d at 823. Additionally, it held that physical manifestations are not implicit in a claim for mental anguish. Id. at 825. The court explained that "even assuming that physical manifestations are inseparable from mental anguish ... in the context of determining an insurer's duty to defend we will not presume a claim for physical manifestations when none is pleaded." Id. Finally, the court reasoned that while "mental injuries may manifest themselves physically, we cannot thereby conclude that a claim for mental injuries necessarily implies a claim for physical manifestations." Id. at 826. Simply put, the eight corners rule does not allow the court to fill in the blanks. See Nat'l Union Fire Ins. Co. , 939 S.W.2d at 142 ("We will not read facts into the pleadings. Nor will we look outside the pleadings, or imagine factual scenarios which might trigger coverage." (citations omitted) ). The rule does not allow the court to infer a physical manifestation where none has been pled.
In that context, the court finds it impossible to agree with the Hansens' contention that Del Real's request for damages for medical care "naturally leads" to the conclusion that there is an unpleaded physical manifestation of his emotional injuries.[4] In fact, as the Hansens themselves point out, it is just as likely that the medical care was for solely mental injuries absent any physical manifestation. Dkt. 14 at 6. Additionally, considering the policy only covers "required care ... that results " from bodily *801 injury, the court finds it difficult to accept that medical care implies a bodily injury. Dkt. 12-3 at 3 (emphasis added). If all medical care necessarily implied bodily injury, then the qualification that it must "result" from bodily injury to be covered would be meaningless. Therefore, the fact that Del Real sought damages for medical care "naturally leads" to nothing in particular. The court concludes that Del Real's claims for damages for medical care are insufficient to constitute a claim for bodily injury as described in the policy.
While the Hansens only argued that Del Real pleaded bodily injury by seeking damages for medical care, Centauri has a duty to defend if "any claim asserted in the pleading is potentially within the policy's coverage." Federated Mut. Ins. Co. , 197 F.3d at 723. When conducting this analysis, "the court must focus on the factual allegations that show the origin of the damages rather than on the legal theories alleged." Nat'l Union Fire Ins. Co. , 939 S.W.2d at 141 (quoting Merchs. Fast Motor Lines, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh , 919 S.W.2d 903, 905 (Tex. App.-Eastland 1996), rev'd , 939 S.W.2d 139 (Tex. 1997) ). Del Real's petition alleges facts that support his claims of emotional pain, mental anguish, medical care expenses, and humiliation. Dkt. 12-2 ¶ 51. These allegations, if true, are undoubtedly enough to cause someone mental, emotional, and spiritual harm. These harms are not covered, however, under "bodily injury" as defined in Centauri's policy. The holding in Trinity is clear that bodily injury "does not include purely emotional injuries .... and unambiguously requires an injury to the physical structure of the human body. Our decision comports with the commonly understood meaning of 'bodily,' which implies a physical, and not purely mental, emotional, or spiritual harm." Trinity , 945 S.W.2d at 823. Therefore, Centauri does not have a duty to defend the Hansens in their underlying suit.
B. Duty to Indemnify
In Texas, an "insurer's duty to defend and duty to indemnify are distinct and separate duties." Farmers Tex. Cty. Mut. Ins. Co. v. Griffin , 955 S.W.2d 81, 82 (Tex. 1997). An "insurer may have a duty to defend but, eventually, no duty to indemnify." Id. The duty to indemnify is not ripe if coverage turns on facts actually proven in the underlying lawsuit. Id. at 84. However, the issue "is justiciable ... when the insurer has no duty to defend and the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify ." Id.
Here, the court decided that Centauri has no duty to defend the Hansens in the underlying suit because Del Real did not allege a bodily injury in his complaint. The question, then, is whether this fact negates any possibility that Centauri will ever have a duty to indemnify the Hansens. It does not. Typically, the duty to indemnify "cannot be adjudicated until there has been a judgment in the underlying suit because facts proven at trial may differ slightly from the allegations." Solstice Oil & Gas I, L.L.C. v. Seneca Ins. Co. , 655 F. App'x 221, 225 (5th Cir. 2016) (citing Hartford Cas. Ins. Co. v. DP Eng'g, L.L.C. , 827 F.3d 423, 431 (5th Cir. 2016) ). If the jury finds that there were unpleaded physical manifestations of mental anguish, for example, that may change the duty to indemnify calculus. Because facts not alleged in Del Real's complaint may develop at trial, the court finds that the duty to indemnify issue is not yet ripe.
Centauri contends that because Del Real's claims arose from the Hansens' intentional acts, they were not, therefore, *802 caused by a covered "occurrence," as defined by the policy. Dkt. 12-1 at 7. In response, the Hansens argue that Del Real also alleges conduct that was negligent, grossly negligent, and reckless. Dkt. 14 at 9. The Hansens contend that this conduct is inherently not intentional, and thus constitutes an "occurrence" under the policy. Id. at 8. The court finds it unnecessary to decide whether Del Real's claims constitute an "occurrence." The duty to defend was negated because Del Real failed to plead bodily injury in the underlying suit. This fact does not negate any possibility that Centauri will have a duty to indemnify the Hansens because additional facts may develop at trial. Therefore, the court finds that the issue is not justiciable until the underlying suit has been resolved.
Upon resolution of the underlying suit, the parties can move this court for a final determination on the issue of indemnity.
C. Motion for Leave to File a Supplemental Reply
Centauri moves for leave to file a supplemental reply, which includes Del Real's answers to interrogatories regarding Christine and Daniel Hansen. Dkt. 17-2. The Hansens failed to file a response. Pursuant to the Local Rules of the Southern District of Texas, "failure to respond is taken as a representation of no opposition." S.D. Tex. L.R. 7.4. Therefore, the motion is GRANTED.
However, Del Real's answers do not negate the duty to indemnify. The interrogatory requested that Del Real identify damages sustained as a result of Daniel and Christine Hansen's actions. Dkt. 17-2 at 2. Del Real's answers indicate that he suffered "intense mental and emotional pain and anguish" as a result of their conduct. Dkt. 17-2 at 2. Del Real does not mention bodily injury. These responses do not foreclose all possibility that facts will develop at trial showing that Del Real indeed suffered from a physical manifestation of his emotional injuries. Moreover, Del Real may supplement the responses prior to trial. In addition, Del Real's answers do not address his injuries stemming from Zachary's conduct. For these reasons, the court still finds it prudent to wait until the conclusion of the underlying suit to rule on indemnity.
IV. CONCLUSION
Centauri has no duty to defend the underlying suit. Centauri's duty to indemnify is not yet justiciable. Thus, Centauri's motion for summary judgment (Dkt. 12) is GRANTED with regard to the duty to defend and DENIED WITHOUT PREJUDICE with regard to the duty to indemnify. The motion for leave to file a supplemental reply (Dkt. 17) is GRANTED.

The case, Caleb del Real v. USA Swimming, Inc. , No. 17-07-08795, is currently pending in the 248th Judicial District Court of Montgomery County, Texas. Daniel, Christine, and Zachary are three of the thirty-five named defendants.

The complaint in the underlying suit refers to the members of the swim team collectively as "Swim Team Defendants." Dkt 12-2 ¶ 40.

Del Real is autistic.

The Hansens rely on a Wisconsin case, Towne Realty, Inc. v. Zurich Ins. Co. , 193 Wis.2d 544, 534 N.W.2d 886 (Wis. Ct. App. 1995), for this contention. This reliance is misguided. First, Texas law is clear that a physical manifestation cannot be inferred, so the court does not need to look to other jurisdictions. Second, on appeal, Towne Realty was not decided based on coverage for "bodily injury," but on coverage for "personal injury," a more inclusive term. Id. at 891.