## LAWRENCE SMITH v. M SYSTEM FOOD STORES INCORPORATED

No. A-6023. Decided January 2, 1957.
(297 S.W. 2d Series 112)

*W. J. Durham,* of Dallas, for petitioner.

The Court of Civil Appeals erred in holding that there was no testimony at all supporting the finding of the jury that Melvin James the police officer was acting within the scope of his employment as an employee of the store at the time he unlawfully arrested and imprisoned petitioner Smith. Gulf, C. & S. F. Ry. Co. v. Besser, 200 S.W. 263; South Plains Coaches v. Box, 111 S.W. 2d 1151; Guitar v. Wheeler, 36 S.W. 2d 325.

*Kerr & Gayer,* and *Lloyd Kerr,* of San Angelo, *McDonald & Shafer,* of Odessa, for respondent.

In response cited Joske v. Irvine, 91 Texas 574, 44 S.W. 1059; Texas and P. Ry. Co. v. Hagenloh, 151 Texas 191, 247 S.W. 2d 236; Workman v. Freeman, 155 Texas 474, 289 S.W. 2d 910.

MR. JUSTICE CULVER delivered the opinion of the court.

The only question before us in this case is whether there is any evidence to support the jury's finding that an employee of respondent, M System, was in the scope of his employment in making the unlawful arrest of petitioner, Smith.

A regular member of the poliec force of the City of San Angelo, by the name of James, was employed part time by M System Stores to protect its property from theft by shoplifters. During business hours, James detected a Mrs. Johnson in the act of shoplifting. He followed her to the street, placed her under arrest and escorted her back into the store to the office of the manager, a Mr. Morris. The woman returned the stolen goods and confessed to the offense. Then while James, according to his testimony, was waiting to put in a telephone call, the petitioner, Lawrence Smith and his wife, and the husband of the Johnson woman, came running up the stairway and into the manager's office. Johnson protested that his wife did not steal anything. James replied that he, Johnson, was not there and could not know. Smith then made some remark and upon being asked by James what he had said replied: "I wasn't talking to you, I was talking to Mr. Morris." James then struck Smith on the head with his pistol, placed him under arrest and had him transported to the city jail. The testimony is quoted at some length in the Court of Civil Appeals opinion.

The Court of Civil Appeals in reversing and rendering the trial court's judgment answered the question in the negative and we think correctly so. 293 S.W. 2d 215, 218. The jury found

that the arrest of Smith was made in the course of the employee's employment, but that the assault on Smith was not in the course of that employment. The trial court, pursuant to the petitioner-plaintiff's motion, rendered judgment against M System only and take-nothing in favor of the defendants, James and other officers.

The conclusion is quite obvious that the officer, James, struck the petitioner, Smith, because he resented that statement and possibly the tone of voice and the manner in which the statement was made. As inexcusable and uncalled for as this assault would seem to be, we see no connection between the assault upon petitioner or his arrest and the purposes of James' employment by the M System store. As said by the Court of Civil Appeals it is not shown why James arrested the petitioner except "perhaps to excuse his unlawful assault." While James attempts to excuse his conduct by saying "He (Smith) was interfering with the police officer," the Johnson woman had already been arrested and returned the stolen goods and had confessed. The evidence does not show that Smith by word or deed interfered in the slightest degree or attempted to interfere with the officer in the performance of his duties or in any other respect. The jury also found that Smith was not at that time giving aid to the offender in order that she might evade arrest.

■ To be within the scope of employment "the conduct must be of the same general nature as that authorized or incidental to the conduct authorized." Restatement of the Law of Agency, Sec. 229. In Home Telephone & Electric Co. v. Branton, Texas Civ. App., 7 S.W. 2d 627-629, in an opinion by our present Chief Justice, then on the Court of Civil Appeals, the rule was said to be that: "* * * where the act of the servant is not in the furtherance of the master's business, or for the accomplishment of the object for which he was employed, but is performed as a resentment of insults, or in the furtherance of personal animosities of the servant, the master is not liable."[1] See also A.B.C. Stores v. Brown, 105 S.W. 2d 725 (no writ history). Newberry Co. v. Judd, 259 Ky. 309, 82 S.W. 2d 359; Texas & P. Ry. Co. v. Hagenloh, 151 Texas 191, 247 S.W. 2d 236; Joske v. Irvine, 91 Texas 574, 44 S.W. 1059.

Petitioner maintains that inasmuch as the unlawful arrest of the petitioner grew out of an argument in connection with

---

[1] Affirmed by Texas Com. App., in 23 S.W. 2d 294 though this point was not before the Supreme Court.

the arrest of Lilly Belle Johnson, the conduct of the respondent's agent in arresting the petitioner was an indivisible part of the arrest of Lilly Belle Johnson and was therefore incidental to the authorized conduct.

Petitioner cites several decisions, that he says hold differently from the decision by the Court of Civil Appeals in this case and support his contention that the jury finding should be upheld. On the contrary we think each case is distinguishable on the facts and is not controlling here. In Aetna Casualty & Surety Co. v. Love, 132 Texas 280, 121 S.W. 2d 986, the autopsy on the body of the deceased insured performed at the request of the agent of the insurance company was in the course of the investigation that the agent was authorized to conduct.

In Perkins Brothers Co. v. Anderson, 155 S.W. 556, (wr. ref.) the unlawful treatment was inflicted upon the party charged with shoplifting in the course of the arrest by the employee authorized to arrest for that offense.

In Magnolia Petroleum Co. v. Guffey, 59 S.W. 2d 174, 175, affirmed 129 Texas, 293, 102 S.W. 2d 408, it was held that if the employee's purpose in forcibly detaining the plaintiff to collect the amount due the filling station this action was within the scope of his agency and in furtherance of the company's business.

■ We are of the opinion that the only connection between the unlawful arrest of Smith and the lawful arrest of the Johnson woman was that the two occurred somewhat contemporaneously, and the fact that if the Johnson woman had not been arrested Smith would not have appeared in the manager's office and no altercation would have occurred between him and the police officer. This is not sufficient to raise a question of fact and does not constitute any evidence to support the jury's finding.

The judgment of the Court of Civil Appeals is affirmed.

Associate Justice Norvell not sitting.

Opinion delivered January 2, 1957.