Raymond O. GRAMMER, Appellant,

v.

GEORGE GRUBBS DATSUN,
INC., Appellee.

No. 2-83-091-CV.

Court of Appeals of Texas,
Fort Worth.

Nov. 30, 1983.

Earl Rutledge, Fort Worth, for appellant.

Watson, Ice, McGee & Morgan, and
James M. Whitton, Fort Worth, for appellee.

Before HUGHES, ASHWORTH and JOE
SPURLOCK, II, JJ.

## OPINION

HUGHES, Justice.

Raymond O. Grammer has appealed the take nothing summary judgment granted in favor of George Grubbs Datsun, Inc. Grammer sued Grubbs Datsun and Charles Swagerty, a car salesman for Grubbs, seeking money damages for injuries resulting from an altercation between Swagerty and Grammer. Grubbs filed a motion for summary judgment and relied on the pleadings, oral depositions and affidavit of George Grubbs, Jr., in support of their motion. The motion was granted with regard to George Grubbs Datsun, Inc., and the action against Charles Swagerty was severed.

We reverse and remand.

Grammer raises five points of error on appeal. Due to our disposition of this case we find it necessary to only address point of error five wherein Grammer asserts that the trial court erred in granting summary judgment because Grubbs Datsun, Inc., did not meet its burden of negating the existence of a genuine issue as to a material fact as required by TEX.R.CIV.P. 166–A.

The incident which gave rise to this lawsuit occurred on January 10, 1981. Grammer went with his stepdaughter to Grubbs Datsun to assist her in buying a new automobile. Grammer, his stepdaughter and Swagerty were in Swagerty's office discussing the price and details of the purchase when an altercation occurred. Testimony is in dispute as to who struck the first blow.

Grubbs' motion for summary judgment argues that they are entitled to judgment as a matter of law because, at the time of the incident, Swagerty was not acting within the course and scope of his employment. Although there are cases holding employers not liable when their employee has committed an intentional assault and battery, these cases do not hold and we do not find that as a matter of law an employee is outside the course and scope of his employment when he commits an unauthorized intentional tort. *See Smith v. M System Food Stores,* 156 Tex. 484, 297 S.W.2d 112 (1957); *Bradford v. Fort Worth Transit Company,* 450

S.W.2d 919 (Tex.Civ.App.—Fort Worth 1970, writ ref'd n.r.e.). There was a fact question here as to whether or not Swagerty was acting within the course and scope of his employment and the granting of summary judgment was improper. The fifth point of error is sustained.

Reverse and remand for trial on the merits.