David HENDRICKS, Appellant,

v.

William C. BAUER, Homer Methodist Church and the Texas Conference of the United Methodist Church, Appellees.

No. 09 85 211 CV.

Court of Appeals of Texas, Beaumont.

May 1, 1986.

Rehearing Denied May 21, 1986.

Jay S. Jackson, Robert A. Goodwin, Nacogdoches, for appellant.

James Zeleskey, Lufkin, for appellees.

## OPINION

BURGESS, Justice.

This is an appeal from the granting of a motion for summary judgment. David Hendricks filed suit against William C. Bauer, Homer Methodist Church and The Texas Conference of the United Methodist Church. In his petition, Mr. Hendricks alleged Reverend Bauer had falsely imprisoned him and "that at all times pertinent to the incidents above described, defendant William C. Bauer was acting within the scope of his employment in that he was acting as in his official capacity as Pastor for the Homer Methodist Church with and as an agent of defendant Homer Methodist Church and defendant The Texas Conference of the United Methodist Church." The Church and the Conference filed a joint motion for summary judgment. No affidavits were filed by either party. The summary judgment evidence consisted of various interrogatories and depositions. The trial court granted the summary judgment and severed the cause of action against Reverend Bauer.

Defendants moving for summary judgment must expressly present and conclusively prove all essential elements of their defense as a matter of law. There can be no genuine issues of material fact. In deciding whether there is a disputed material issue precluding summary judgment, evidence favorable to the non-movants will be taken as true. Every reasonable inference from the evidence must be indulged in favor of the non-movants and any doubts resolved in their favor. *Montgomery v. Kennedy*, 669 S.W.2d 309 (Tex.1984).

Hendricks presents two points of error. The first point alleges the trial court erred in granting summary judgment because the original petition states a cause of action based upon respondent superior upon which relief could be granted at trial. Appellant is entirely correct in so far as the law is concerned. A master or principal is liable to one falsely imprisoned by the acts of an employee or agent acting within the scope of his employment. *Dupree v. Piggley Wiggley Shop Rite Foods, Inc.*, 542 S.W.2d 882 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n.r.e.).

The second point of error alleges the trial court erred in granting the summary judgment because the issue of course and scope was a genuine issue in dispute and should have been presented to a jury. In a case of this nature, the master is only liable if the act is within the scope of the general authority of the servant and is done in the furtherance of the master's business and for the accomplishment of the object for which the servant is employed. *Texas & Pacific Ry. Co. v. Hagenloh*, 151 Tex. 191, 247 S.W.2d 236 (1952).

Here the acts committed by the pastor, if true, cannot be said to be within the general scope of authority nor in furtherance of the church's business. Where the act is not in the furtherance of the master's business or for the accomplishment of the object for which he was employed, the master is not liable. *Smith v. M System Food Stores*, 156 Tex. 484, 297 S.W.2d 112 (1957). Locking a satellite system repairman in a closet and holding him for "ransom" until the company refunds the purchase price cannot be within the general scope of authority of a pastor nor in furtherance of a church's business. Both points of error are overruled. The judgment of the trial court is affirmed.

AFFIRMED.