**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-41102

LESLIE R. BONNER, Trustee of Reliance Trusts;
MARK S. LEE,

Plaintiffs-Appellants,

VERSUS

ROBERT WAYNE HENDERSON, ET AL,

Defendants.

ROBERT WAYNE HENDERSON; MARY BELL HENDERSON; A. D. HENDERSON;
GEORGE CUNYUS; M. E. McDONALD; FRANK YANTIS; STEPHEN EMBREE;
GRANT THORNTON,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Texas

July 31, 1998

Before WISDOM, KING, and DAVIS, Circuit Judges.

PER CURIAM:

## I. Introduction and Background

In the present case, we consider whether a trust constitutes an "enterprise" for purposes of the Racketeer Influenced and

Corrupt Organizations Act (RICO).[1]  We hold that it does not.

In 1941, Frania Tye Hunt created four trusts, collectively known as the Reliance Trusts, for the benefit of her four children. The plaintiffs, one of whom is the current trustee, and the other of whom is one of the trust's beneficiaries, filed the present suit against a former trustee and a host of others who allegedly participated in the fraudulent mismanagement of the trusts. The plaintiffs initially sought relief in state court, but voluntarily dismissed their claims. They subsequently filed suit in federal court, asserting claims both under RICO and state law. The defendants moved for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that the plaintiffs had not alleged the existence of an "enterprise" as contemplated by RICO, and therefore could not state a colorable claim. The district court granted the motion and declined to exercise jurisdiction over the outstanding state law claims. We affirm.

## II. Discussion

We review de novo a district court's dismissal on the pleadings.[2]  The plaintiffs' RICO claims may properly be dismissed "only if it appears that no relief could be granted under any set of facts that could be proven consistent with the

---

[1] 18 U.S.C. § 1962.

[2] *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

allegations."[3]

RICO provides that:

It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.[4]

By the very language of the statute, the existence of an enterprise is an essential element of a RICO claim.[5] The plaintiffs contend that the Reliance Trusts constitute an enterprise for purposes of the statute. We are not persuaded.

The term "'enterprise' includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated-in-fact although not a legal entity."[6] A plaintiff, therefore, may satisfy the requisite "enterprise" element by proving either the existence of (1) a legal entity, or (2) the existence of a group of individuals who are associated-in-fact.[7] A legal entity is one that "has sufficient existence in legal contemplation that it can function

---

[3] *Rubenstein v. Collins*, 20 F.3d 160, 166 (5th Cir. 1994)(internal quotation marks omitted).

[4] 18 U.S.C. § 1962(c).

[5] *Atkinson v. Anadarko Bank and Trust Co.*, 808 F.2d 438, 440 (5th Cir. 1987).

[6] 18 U.S.C. § 1961(4).

[7] *Aetna Casualty Surety Co. v. Rodco Autobody*, 43 F.3d 1546, 1557 (1st Cir. 1994).

legally, be sued or sue and make decisions through agents as in the case of corporations."[8]  An association-in-fact, on the other hand, is an ongoing organization with members functioning as a continuing unit.[9]

A trust is neither a legal entity nor an association-in-fact.  In *Old Time Enterprises, Inc. v. International Coffee Corp.*,[10] we stated that intangible rights, such as contract rights, cannot possibly constitute a legal entity enterprise under RICO.[11]  We hold today that trusts fall within that class of intangible rights.  A trust is "a fiduciary relationship in which one person is the holder of the title to property subject to an equitable obligation to keep or use the property for the benefit of another."[12]  Like a contract, which cannot be a legal entity enterprise for RICO purposes, it consists essentially of rights and duties between two or more parties.  Unlike a corporation, which can be a legal entity enterprise for RICO purposes, it cannot litigate on its own behalf.[13]  As such, we

---

[8] Black's Law Dictionary (6th ed. 1990).

[9] *Aetna Casualty Surety Co.* at 1557.

[10] 862 F.2d 1213 (5th Cir. 1989).

[11] Id. at 1218.

[12] Black's Law Dictionary (6th ed. 1990).

[13] *Trustees of the Hotel Employees and Restaurant Employees International Union Welfare Pension Fund v. Amivest Corp.*, 733 F.Supp. 1180, 1184 (N.D. Ill. 1990).

4

have little difficulty concluding that a trust does not qualify as a legal entity enterprise as contemplated by RICO.[14] Likewise, we conclude that a trust cannot possibly qualify as an association-in-fact enterprise. An association-in-fact consists of personnel who share a common purpose and collectively form a decision-making structure.[15] In simple terms, a trust bears no characteristics of an association-in-fact.

The plaintiffs' claims under RICO cannot properly lie. The judgment of the district court is AFFIRMED.

---

[14] Both Louisiana, the state in which the Reliance Trusts were drafted, and Texas, the state in which the trustee has principally resided, recognize trusts as fiduciary relationships rather than legal entities. See La. Rev. Stat. Ann. § 9:1731 (West 1991); Tex. Prop. Code Ann. § 111.004 (Vernon 1984).

[15] *Shaffer v. Williams*, 794 F.2d 1030, 1032 (5th Cir. 1986).