**Cynthia LYON, Appellant,**

v.

**ALLSUP'S CONVENIENCE STORES, INC., Appellee.**

**No. 2–98–340–CV.**

Court of Appeals of Texas, Fort Worth.

July 15, 1999.

Law Office of William A. Walsh, William A. Walsh, Bowie, Texas, for appellant.

The Peebles Law Firm, C.D. Peebles, Southlake, Texas, for appellee.

Panel B: DAY, RICHARDS, and BRIGHAM, JJ.

## OPINION

BRIGHAM, Justice.

In this suit for defamation and intentional infliction of emotion distress, Appellant Cynthia Lyon appeals from a summary judgment granted in favor of Appellee, Allsup's Convenience Stores, Inc. We will address whether actions by Appellee's employees were in the course and scope of employment. Because we determine such actions were outside the course and scope of employment, we affirm.

### BACKGROUND

Appellant was employed as a store manager by Appellee, and her direct supervisor was Edward Dean Johnson. Johnson fired Appellant for allegedly stealing company funds in an attempt to cover up his own wrongdoing. Johnson was the thief. He also attempted to coerce Appellant into falsely blaming the theft on another employee. Johnson subsequently told his district manager, Leonard Myers, that he had terminated Appellant because she had violated the company policy with respect to mishandling cash. He also told another manager, Diane Workman, that he was taking Appellant to the police department to file charges against her because a deposit was missing. Workman then told a close friend of Appellant's that Appellant had been fired for stealing money. Workman later resigned because she knew that Appellant had not taken the money. Myers later learned that Johnson had ordered another employee to bail him out of jail on a DWI charge with company funds, and that Johnson was probably responsible for stolen deposits and other activities detrimental to Appellee. When he discovered this, Myers offered to reinstate Appellant as a store manager. Before he could ter-

minate Johnson, Johnson was found dead, the victim of an apparent suicide. Appellant was treated for severe depression.

Appellant sued Appellee, Myers, and Johnson's estate for defamation and intentional infliction of emotional distress. Appellant alleged that Appellee was liable for false and malicious statements of employees Johnson and Myers, and that the actions of Johnson were ratified by Myers and Appellee. After the parties conducted discovery, Appellee filed a motion for summary judgment. The trial court granted summary judgment that Appellant take nothing against Appellee, without specifying the grounds on which it relied. The trial court subsequently severed Appellant's cause of action against Appellee from the remainder of the action.

## SUMMARY JUDGMENT: STANDARD OF REVIEW

After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant's claim or defense. *See* TEX .R.CIV.P. 166a(i). The motion must specifically state the elements for which there is no evidence. *See id.* The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact. *See id.* The nonmovant may raise a genuine issue of material fact by showing that a reasonable jury could return a verdict in the nonmovant's favor. *Cf. Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255–56, 106 S.Ct. 2505, 2513–14, 91 L.Ed.2d 202 (1986) (interpreting FED.R.CIV.P. 56); *see also* TEX.R.CIV.P. 166a(i) cmt (stating that the response "need only point out evidence that raises a fact issue on the challenged elements").

The burden of proof is on the movant; we resolve all doubts against the movant, and view the evidence and its reasonable inferences in a light most favorable to the nonmovant. *See Friendswood Dev. Co. v. McDade + Co.,* 926 S.W.2d 280, 282 (Tex.

1996); *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47 (Tex.1965).

When reviewing a summary judgment granted on general grounds, the appellate court considers whether any theories set forth in the motion will support the summary judgment. *See Harwell v. State Farm Mut. Auto. Ins. Co.,* 896 S.W.2d 170, 173 (Tex.1995). Appellee's motion for summary judgment alleged that there is no evidence to support Appellant's claims that: (1) Johnson's alleged defamation was performed in the course and scope of his employment and was thus imputable to Appellee; and (2) the conduct of Johnson was ratified by Appellee. Therefore, we will consider whether either theory supports summary judgment, viewing the evidence in a light most favorable to Appellant.

## COURSE AND SCOPE OF EMPLOYMENT

█ To determine whether an employer is liable for the tort of his employee, the question is whether the act of the employee falls within the scope of the general authority of the employee in the furtherance of the employer's business and for the accomplishment of the object for which the employee was hired. *See, e.g., Smith v. M System Food Stores,* 156 Tex. 484, 297 S.W.2d 112, 114 (1957); *ITT Consumer Financial Corp. v. Tovar,* 932 S.W.2d 147, 158 (Tex.App.—El Paso 1996, writ denied); *Kelly v. Stone,* 898 S.W.2d 924, 927 (Tex.App.—Eastland 1995, writ denied). If an employee deviates from the performance of his duties for his own purposes, the employer is not responsible for what occurs during that deviation. *See Tovar,* 932 S.W.2d at 158.

█ Narrowed, the issue here is whether the alleged defamation and intentional infliction of emotional distress falls within the scope of Johnson's authority in the furtherance of Appellee's business and for the accomplishment of the object for which Johnson was hired. Although Johnson

**348**

had authority to terminate store managers, the inference from summary judgment evidence indicates that Johnson fired, and allegedly defamed and inflicted emotional distress on Appellant, in an effort to conceal unauthorized activities of his own. This obviously was not done to accomplish any object for which either Johnson or Myers was hired. That Johnson had the authority to, and did fire Appellant, is factually independent from the actions which constituted the torts alleged by Appellant. *See J.V. Harrison Truck Lines, Inc. v. Larson,* 663 S.W.2d 37, 40–41 (Tex. App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.). Appellant did not sue for unlawful termination, but for defamation and intentional infliction of emotional distress.

Viewing the evidence in a light most favorable to Appellant, we hold that the trial court did not err in granting summary judgment to Appellee, because it could have determined that Appellant produced no evidence to raise a fact issue that the alleged defamation and intentional infliction of emotional distress was done in the furtherance of Appellee's business, and that such actions were deviations from Johnson's duties as area supervisor and from Myers' duties as district manager. We overrule point one.

Because we determine that the trial court's summary judgment could have been based on the theory that the actions of Johnson and Myers that were alleged to have defamed and inflicted emotional distress on Appellant were outside the scope of employment, it is not necessary to address the theory of ratification.

### Conclusion

Having overruled Appellant's only point, we affirm the trial court's summary judgment.