MEMORANDUM OPINION

No. 04-04-00418-CV

Nevin MARR,
Appellant

v.

FAGLIE TREE SERVICE,
Appellee

From the 216th Judicial District Court, Bandera County, Texas
Trial Court No. 7993-01-B
Honorable Stephen B. Ables, Judge Presiding
 
Opinion by:    Alma L. López, Chief Justice
 
Sitting:            Alma L. López, Chief Justice
Sandee Bryan Marion, Justice
Phylis J. Speedlin, Justice

Delivered and Filed:   March 23, 2005

AFFIRMED
            Nevin Marr appeals the no evidence summary judgment granted in favor of Faglie Tree
Service. On appeal, Marr argues that (1) the trial court abused its discretion in failing to grant a
continuance so that Marr could conduct further discovery in response to Faglie Tree’s motion for no
evidence summary judgment; (2) genuine issues of material fact exist with regard to the merits of
Marr’s claims; and (3) Scott Faglie was acting within the scope of his authority during the altercation
giving rise to the underlying suit. We affirm the trial court’s judgment.
Factual and Procedural Background
            At approximately 8:00 a.m. on May 6, 1999, Marr was leaving the Orchard restaurant in
Medina, Texas when he was approached by Shawn and Scott Faglie and Robert Burger, employees
of Faglie Tree Service. An altercation ensued, during which Marr was injured. Scott Faglie was
later convicted of assault causing bodily injury for his part in the incident.
            On April 30, 2001, Marr brought suit against Scott and Shawn Faglie, Burger and Faglie
Tree, alleging assault, battery, and false imprisonment. Nearly three years later, on March 18, 2004,
Faglie Tree moved for a no evidence summary judgment on the theory that the alleged assault,
battery, and imprisonment were not committed within the course and scope of the participants’
employment with Faglie Tree. On March 31, 2004, Marr filed a motion for continuance, requesting
additional time to conduct discovery in response to the summary judgment motion. Marr did not
obtain a ruling on the motion for continuance.
            Marr filed a response to the motion for summary judgment, in which he maintained that: 
there had not been adequate time for discovery; the participants in the altercation were present at the
Orchard during their work hours to receive instructions concerning a tree service job; and more than
a scintilla of evidence exists showing that the alleged assault, battery, and imprisonment were
performed within the scope of the men’s employment with, and for the benefit of, Faglie Tree. On
April 19, 2004, the trial court granted Faglie Tree’s motion for no evidence summary judgment. The
trial court severed Marr’s claims against Faglie Tree, and Marr timely filed this appeal.
 

Motion for Continuance
            Marr asserts that the trial court erred in refusing to grant him a continuance so he could
conduct further discovery in response to Faglie Tree’s motion for no evidence summary judgment. 
The decision to grant or deny a motion for continuance lies within the sound discretion of the trial
court. Gen. Motors Corp. v. Gayle, 951 S.W.2d 469, 476 (Tex. 1997) (orig. proceeding); Villegas
v. Carter, 711 S.W.2d 624, 626 (Tex. 1986). Accordingly, we will not disturb the trial court’s ruling
unless the record indicates a clear abuse of discretion. Villegas, 711 S.W.2d at 626; 3V, Inc. v. JTS
Enters., Inc., 40 S.W.3d 533, 540 (Tex. App. –Houston [14th Dist.] 2000, no pet.). The record in
this case indicates that Marr failed to obtain a ruling from the trial court on the motion for
continuance. Therefore, he failed to preserve error. See Tex. R. App. P. 33.1(a); Rangel v. State
Bar of Texas, 898 S.W.2d 1, 3 (Tex. App.–San Antonio 1995, no writ). Marr’s first issue is
overruled.
Summary Judgment
            We review a summary judgment de novo to determine whether a party’s right to prevail has
been established as a matter of law. Provident Life & Acc. Ins. Co. v. Knott, 128 S.W.3d 211, 215
(Tex. 2003). In a no evidence summary judgment, a party is entitled to summary judgment if there
is no evidence of one or more essential elements of a claim or defense on which an adverse party
would have the burden of proof at trial. Tex. R. Civ. P. 166a(i). A no evidence summary judgment
is improper if the non-movant presents more than a scintilla of probative evidence to raise a genuine
issue of material fact. Forbes, Inc. v. Granada Biosciences, Inc., 124 S.W.3d 167, 172 (Tex. 2003). 
More than a scintilla of evidence exists if it would allow reasonable and fair-minded individuals to
differ in their conclusions. Id. Less than a scintilla of evidence exists when the evidence is so weak
as to do no more than create a mere surmise of suspicion of fact. Id. When reviewing a summary
judgment, we review the evidence in the light most favorable to the non-movant, disregarding all
contrary evidence and inferences. King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 750-51 (Tex.
2003), cert. denied, 124 S.Ct. 2097 (2004). We take as true all evidence favorable to the non-movant
and we indulge every reasonable inference and resolve any doubts in the non-movant’s favor. 
Science Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex. 1997). 
            To hold an employer liable for the actions of an employee under the theory of respondeat
superior, the actions must have occurred within the general scope of the employee’s authority, in
furtherance of the employer’s business, and for the purpose of accomplishing the work for which the
employee was hired. Robertson Tank Lines, Inc. v. Van Cleave, 468 S.W.2d 354, 357 (Tex. 1971). 
An employee’s action falls within the scope of his employment when the act is of the same general
nature as, or incidental to, authorized conduct. Smith v. M System Food Stores, Inc., 156 Tex. 484,
297 S.W.2d 112, 114 (1957); Saenz v. Family Sec. Ins. Co. of Am., 786 S.W.2d 110, 111 (Tex.
App.–San Antonio 1990, no writ). If an employee deviates from authorized conduct for his own
purposes, the employer is not responsible for the employee’s conduct during that deviation. Smith,
297 S.W.2d at 114. It is not normally within the scope of an employee’s authority to commit an
assault, which is generally an expression of personal animosity. Tex. & Pac. Ry. Co. v. Hagenloh,
151 Tex. 191, 247 S.W.2d 236, 239 (1952). However, when an employee’s duties necessitate the
use of force, such as in the case of a security guard or bouncer, the employer may be found liable for
the employee’s assault. See id. at 239-41; Durand v. Moore, 879 S.W.2d 196, 200-01 (Tex.
App.–Houston [14th Dist.] 1994, no writ).
            The record in this case shows that Jessie Faglie, the father of Shawn and Scott Faglie, does
business as Faglie Tree Service, and that Shawn and Scott Faglie and Burger were employed by
Faglie Tree at the time of the incident. The record does not indicate, however, in what capacity the
men were employed. Nor does the record indicate the scope of their authority.
            In his brief, Marr asserts that: “Scott Faglie was much more than just an employee of Faglie
Tree Service. He was part of Faglie Tree Service. He managed, supervised, and controlled various
aspects of Faglie Tree Service on occasions.” Marr further asserts that “[i]t is reasonable to believe
that, (sic) what Scott Faglie did was in the hopes of discouraging Appellant Marr from further
interfering with his business [Faglie Tree Service].”
            In support of his argument, Marr points to the affidavit of Kevin L. Hurlbert, a former Faglie
Tree employee. In his affidavit, Hurlbert states:
[T]he community considered Faglie Tree Service to be made up of Jessie Faglie, and
his wife and boys, Scott and Shawn Faglie. ... It is also understood, when you are, or
were, an employee of Faglie tree service (sic), or Texas Cedar Products that anyone
(sic) of the Faglies[,] Jessie, Shawn, Scott, or even Carrie[] could order or instruct
you to do anything, [and] you had better do it if you wanted to stay employed with
them.

Marr describes this as the right to hire and fire. Hurlbert’s statements, however, do not show that
Shawn or Scott Faglie or Burger were employed in a capacity with Faglie Tree that necessitated the
use of force. Nor does the record contain any evidence that the actions of the men were in
furtherance of Faglie Tree business or within the scope of their authority. In fact, Marr’s own
affidavit indicates that Scott Faglie’s behavior was personal in nature: “When Scott approached me
from the front[,] he hit me in the face with his fist and I went toward the ground. Scott told me at
this point that ‘My wife and kid were in the car when you were rubbing your nuts.’” 
            We have examined the record to determine whether Marr met his burden to produce more
than a scintilla of probative evidence to show that Shawn and Scott Faglie and Burger were acting
within the scope and course of their employment at the time of the alleged assault, battery, and
imprisonment. We conclude that Marr failed to meet his burden on the claims brought under the
theory of respondeat superior. Because Faglie Tree filed a no evidence summary judgment motion
and Marr failed to raise a genuine issue of material fact as to whether Shawn and Scott Faglie and
Burger were acting within the general scope of their authority, in furtherance of Faglie Tree business,
and for the purpose of accomplishing the job for which they were employed, the summary judgment
for Faglie Tree was properly granted. Marr’s second and third issues are overruled.
Conclusion
            We affirm the judgment of the trial court.
 
Alma L. López, Chief Justice