Affirmed and Opinion filed June 28, 2005









Affirmed and Opinion filed June 28, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00302-CV

____________

 

ROBERT KNIGHT, Appellant

 

V.

 

CITY STREETS,
L.L.C.,
Appellee

 



 

On Appeal from the 55th
District Court

Harris County, Texas

Trial Court Cause No. 02-57419

 



 

O P I N I O N

In this case a nightclub patron, the
plaintiff below, challenges the trial court=s granting of a
no-evidence motion for summary judgment in favor of the defendant nightclub on
his claims for an alleged assault upon him by three of the nightclub=s employees and
for the nightclub=s alleged negligent supervision, training,
and hiring of its employees. We affirm the trial court=s judgment.








I.  Factual and
Procedural Background

After a night out at
City Streets, L.L.C. (ACity Streets@), a Houston nightclub,
appellant/plaintiff Robert Knight returned to his car in the parking lot of
City Streets and found it
had been burglarized.  At around 3:30
a.m., Knight went back to the nightclub, which was then closed, to get help
from Andrew Sanchez, an off-duty Houston police officer Knight had seen working
at the nightclub earlier in the evening. 
Knight banged on the door and yelled at Sanchez in an effort to get his
attention.  Sanchez and two other
employees, Manuel Saenz and Chris Aquino, emerged from the nightclub.  These three men allegedly assaulted Knight,
and Sanchez arrested Knight for public intoxication and use of profane
language.  Knight allegedly sustained
multiple injuries as a result of the incident.

Knight filed suit against City
Streets, alleging that City Streets (1) was negligent in its supervision,
hiring, and training of its employees, and (2) was liable for the assault on
Knight by its employees under the theory of respondeat superior.  City Streets filed a no-evidence motion for
summary judgment, asserting the following grounds: 

(1)       There was no evidence as to each of the essential elements of
Knight=s claims for negligent hiring, supervision, and
training; and 

(2)       There was no evidence that City Streets was liable for the
assault on Knight under the theory of respondeat superior because 

(a)       there was no evidence that Sanchez was a City Streets employee
at the time of the assault; and 

(b)       there was no evidence that Sanchez, Saenz, and Aquino were
acting within the course and scope of their employment when they assaulted
Knight.  

 








City Streets also argued that Sanchez was not a City Streets employee at
the time of the incident because there was no evidence to show that Sanchez (1)
was anything more than an independent contractor, and (2) was not performing a
public duty as an on-duty police officer because, as a matter of law, an
off-duty police officer becomes an on-duty officer the moment he observes a
crime.  The trial court granted City
Streets=s no-evidence motion for summary
judgment without specifying the grounds.

II.  Standard of Review

In reviewing a no-evidence motion for summary judgment, we
ascertain whether the non-movant produced any evidence of probative force to
raise a genuine issue of fact as to the essential elements attacked in the
no-evidence motion. 
Dolcefino v. Randolph, 19 S.W.3d 906, 916 (Tex. App.CHouston [14th
Dist.] 2000, pet. denied).  We take as
true all evidence favorable to the non-movant, and we make all reasonable
inferences therefrom in the non-movant=s favor.  Id. 
A no-evidence motion for summary judgment must be granted if the party opposing the motion does not
respond with competent summary-judgment evidence that
raises a genuine issue of material fact. 
Id. at 917.  Because the
trial court did not specify the grounds for its ruling, we will affirm if any of
the grounds advanced in the motion has merit. 
Dow Chem. Co. v. Francis, 46 S.W.3d 237, 242 (Tex. 2001).

III.  Issues and Analysis

A.      Respondeat
Superior

 

Did the nightclub patron present sufficient summary-judgment evidence
to raise a genuine fact issue as to each challenged element of his
respondeat-superior claim?

 








In its no-evidence motion for summary
judgment, City Streets asserted that it was not liable for the assault on Knight under the theory of
respondeat superior because there was no evidence that Sanchez, Saenz, or
Aquino was acting within the course and scope of their employment when they
assaulted Knight.  To hold an employer
liable for the actions of its employee, a claimant must prove (1) an agency
relationship existed between the employee (the tortfeasor) and the employer
(the defendant); (2) the employee committed a tort; and (3) the tort was in the
course and scope of the employee=s authority.  See Baptist Mem=l Hosp. Sys., Inc. v. Sampson, 969 S.W.2d 945, 947 (Tex.
1998).  A tort is within the course and
scope of the employee=s authority if his action (1) was within the employee=s general authority; (2) was in
furtherance of the employer=s business; and (3) was for the accomplishment of the object
for which the employee was hired.  Ginther
v. Domino=s Pizza, Inc., 93 S.W.3d 300, 303 (Tex. App.CHouston [14th Dist.] 2002, no pet.). 

Generally, committing an assault is not
within the course and scope of an employee=s authority.  Tex. & Pac. Ry. Co. v. Hagenloh,
151 Tex. 191, 247 S.W.2d 236, 239 (1952). 
An assault by an employee will be found to be within the scope of his
employment when the assault is of the same general nature as the conduct
authorized by the employer or is incidental to the conduct authorized.  See Smith v. Sys. Food Stores, 156
Tex. 484, 297 S.W.2d 112, 114 (1957). 
Therefore, if the employer places his employee in a position that
involves the use of force, so that the act of using force is in the furtherance
of the employer=s business, the employer can be found
liable for its employee=s actions even if the employee uses
greater force than is necessary.  Hagenloh,
247 S.W.2d at 239. 

In response to City Streets=s no-evidence
motion for summary judgment, Knight offered the following evidence: (1) a
Houston Police Department offense report from the night of the alleged assault;
(2) excerpts from Knight=s deposition in which he described what
happened that night; and (3) medical records related to the injuries Knight
sustained as a result of the incident. 
The offense report describes Saenz as a City Streets employee and
Sanchez as an off-duty police officer working a second job at City
Streets.  In his deposition, Knight
stated that he was assaulted by three men he had seen on previous visits to
City Streets.  Knight also stated that he
knew that the three men who assaulted him were City Streets employees because
they were wearing black jeans and City Streets shirts.  This evidence may raise a genuine issue of
material fact as to whether Sanchez, Saenz, and Aquino were City Streets
employees, but it does not create a fact issue as to whether the three men were
acting within the scope of their employment when they allegedly assaulted
Knight.








Knight presented no evidence that the use
of force was within Sanchez, Saenz, and Aquino=s scope of
employment.  In his deposition, Knight
referred to each of the three men as a bouncer, a position that could involve
the use of force.  However, Knight did
not provide any facts to support his belief that these men, in fact, were
employed as bouncers.  Conclusory
statements, unsupported by facts that reasonably would support the inference,
do not constitute probative summary-judgment evidence.  See McIntyre v. Ramirez, 109 S.W.3d
741, 749B50 (Tex.
2003).  At one point in his deposition,
Knight stated that he was not sure that all the men involved in the assault
were bouncers.  More importantly, however,
Knight presented no evidence indicating the scope of the three men=s authority or
that the use of force was within their general authority as City Streets
employees.  See generally G.T.
Mgmt., Inc. v. Gonzalez, 106 S.W.3d 880, 885B86 (Tex. App.CDallas 2003, no
pet.) (affirming trial court=s judgment holding
employer liable for a bouncer=s assault on a
patron when evidence that bouncers were authorized to use force was offered at
trial); Wrenn v.
G.A.T.X. Logistics, Inc., 73 S.W.3d 489, 494B95 (Tex. App.CFort Worth 2002, no pet.) (upholding
trial court=s grant of employer=s traditional motion for summary
judgment when movant conclusively established that employee who assaulted
another employee was not authorized by employer to utilize physical force); Country
Roads, Inc. v. Witt, 737 S.W.2d 362, 364B65 (Tex. App.CHouston [14th
Dist.] 1987, no writ) (finding evidence legally and factually sufficient to
support jury=s finding that doorman at a bar acted
within the scope of his employment when he assaulted a patron because evidence
was presented that doorman was permitted to use force).

Knight failed to produce any
summary-judgment evidence to raise a genuine issue of material fact as to
whether Sanchez, Saenz, and Aquino were acting within the course and scope of
their employment when they allegedly assaulted Knight.  Therefore, we conclude the trial court did
not err in granting summary judgment against Knight on his respondeat-superior
claim.  Accordingly, we overrule Knight=s first issue.








B.      Negligent Supervision

 

Did the nightclub patron present sufficient summary-judgment evidence
to raise a genuine issue of material fact as to each challenged element of his
negligent-supervision claim?

 

In its no-evidence motion for summary judgment, City Streets
asserted that there was no evidence as to each of the essential elements of
Knight=s claims for negligent supervision,
hiring, and training.  On appeal, Knight
concedes that there is no evidence proving that City Streets breached its legal
duty to hire and train its employees.  To
prevail on his remaining claim of negligent supervision, Knight had to prove
(1) City Streets owed him a legal duty to supervise its employees; (2) City
Streets breached that duty; and (3) that breach proximately caused his
injuries.  See Morris v. JTM Materials,
78 S.W.3d 28, 49  (Tex. App.CFort Worth 2002, no pet.).  The components of proximate cause are
cause-in-fact and foreseeability.  Doe
v. Boys Club of Greater Dallas, Inc., 907 S.W.2d 472, 477 (Tex. 1995).  To establish that City Streets=s actions were the proximate cause of
his injuries, Knight must show that City Streets=s actions in supervising Sanchez,
Saenz, and Aquino were the cause-in-fact of his injuries and that Knight=s assault and resulting injuries were
a foreseeable consequence of City Streets=s supervision of these three
individuals.  See Wrenn, 73 S.W.3d
at 496.

City Streets argues that a claim for negligent supervision
cannot exist in the absence of a claim of negligent hiring.  See Castillo v. Gared, Inc., 1 S.W.3d
781, 785 (Tex. App.CHouston [14th Dist.] 
1999, pet. denied) (noting that a claim for negligent supervision is
often linked with a claim for negligent hiring and refusing to recognize a
separate cause of action for negligent supervision).  We need not address this issue because, even
if a claim for negligent supervision could exist absent a claim for negligent
hiring, Knight failed to produce any evidence that City Streets breached its
legal duty to supervise its employees.








On appeal, Knight asserts there is a
genuine issue of fact as to his negligent supervision claim because the
summary-judgment evidence allegedly shows that Chris Chelley, a City Streets manager, was present
during the incident and failed to stop Sanchez, Saenz, and Aquino from
assaulting Knight.  Knight argues that
Chelley, armed with managerial authority, had a duty to stop the assault.  Knight also argues that Knight=s injuries were foreseeable to
Chelley because Chelley was allegedly present while Knight was being
assaulted.  Chelley=s failure to intervene, Knight
argues, was a substantial factor in bringing about Knight=s injuries.

The summary-judgment proof offered by Knight, however, fails
to raise a genuine issue of material fact as to whether Chelley breached his
alleged legal duty to supervise Sanchez, Saenz, and Aquino.  There is no evidence that Chelley was
actually present during the assault or that he had prior knowledge that these
three men had a propensity for aggression. 
There is also no evidence that Chelley observed the assault or that he
could have intervened to stop it.  In the
Houston Police Department offense report attached to Knight=s summary judgment response, Chelley
is described as a City Streets manager. 
The report also states that Chelley was offended by Knight=s language, could identify Knight,
and would testify in court, if needed. 
It does not, however, state that Chelley witnessed any alleged
assault.  In his deposition, Knight
stated that there were four others present when the assault started and seven
others present when the assault was over. 
He did not identify any of the individuals as Chelley and did not
mention Chelley at any point in his deposition. 
In Knight=s deposition, he asserted that Aquino stated that Saenz was
an Aaggressive bully.@ 
Even viewing this evidence in Knight=s favor, we conclude it establishes
nothing more than that Saenz may have been aggressive.  It does not establish that Chelley or City
Streets knew of Saenz=s alleged propensity for aggression. 








Because Knight did not produce any summary-judgment evidence
to raise a genuine issue of material fact that City Streets or Chelley breached
a legal duty to Knight, the trial court properly granted summary judgment on
Knight=s negligent-supervision claim.  We overrule Knight=s second issue.

Having overruled both of Knight=s issues on
appeal, we affirm the trial court=s judgment.

 

 

/s/      Kem Thompson Frost

Justice

 

Judgment
rendered and Opinion filed June 28, 2005.

Panel
consists of Justices Anderson, Hudson, and Frost.