# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 19, 2021

Lyle W. Cayce
Clerk

No. 20-60783
Summary Calendar

Ethan Hoggatt; Eric Hoggatt, DDS; Plaintiffs 3-29, Allstate Insureds sold similar bogus "Dummy" insurance policies,

*Plaintiffs—Appellants*,

*versus*

Allstate Insurance, *By its agent*, Andy Dyson; Andy Dyson, *Individually and in any corporate capacity*; Mrs. Hand, *Tupelo Allstate Employee*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:19-CV-14

Before Wiener, Southwick, and Duncan, *Circuit Judges*.

Per Curiam:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60783

Ethan Hoggatt was involved in a car wreck while driving his parent's vehicle.  After a dispute over insurance coverage arose, Ethan and his father, Eric Hoggatt, sued Allstate Insurance Company, the agency through which the family purchased its Allstate insurance, and certain individuals at that agency.  The Hoggatts are represented by Victoria Hoggatt, Eric's wife and Ethan's mother.  This suit is very much a family affair.  The district court denied the Hoggatts' motion to amend their complaint and dismissed the lawsuit for failure to state a claim.  The court also imposed financial penalties on the Hoggatts.  We AFFIRM.

The defendants move in this court for additional financial penalties against the plaintiffs.  That motion is DENIED.

FACTUAL AND PROCEDURAL BACKGROUND

In December 2018, the Hoggatts filed suit in state court in Monroe County, Mississippi, against Allstate, the Dyson Agency, certain individuals, as well as others now dismissed from the suit.  The defendants timely removed the suit to the United States District Court for the Northern District of Mississippi based on federal-question jurisdiction.  *See* 28 U.S.C. § 1441(c).

Our understanding of the complaint is that it claims that Ethan Hoggatt, the adult son of Eric and Victoria Hoggatt, was involved in an auto accident with his own vehicle in March 2018.  He telephoned the Dyson Agency to change his Allstate policy, seeking to remove his now-totaled vehicle and to cover him only as a driver.  The Hoggatts claim a Dyson employee told Ethan that he could not cancel his existing policy but that the premium would be lowered.  Unfortunately, in September of the same year, Ethan while driving his parent's car was involved in another wreck.  Ethan,

though, was not shown as an authorized driver on that vehicle's policy, and his own Allstate coverage did not cover him as a driver in a non-owned car.

This lawsuit followed, which includes such claims as fraud, violations of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, and other claims. In time, the district court imposed monetary penalties on the Hoggatts for failure to use the formal discovery process and for vexatious behavior. The district court denied the Hoggatts' motion to amend their complaint and granted the defendants' motion to dismiss for failure to state a claim. The Hoggatts appealed.

## DISCUSSION

We review three district court rulings: (1) the dismissal order, (2) the denial of the motion to amend, and (3) the sanctions order. There may be other issues, but the Hoggatts have not adequately explained them in their briefing.

### I.     *Motion to dismiss*

The district court determined that the magistrate judge properly dismissed all claims in the complaint. We give *de novo* review to an order dismissing a suit pursuant to Rule 12(b)(6). *Harris Cnty. Tex. v. MERSCORP Inc.*, 791 F.3d 545, 551 (5th Cir. 2015). In our review, all well-pled facts are accepted as true, and we consider "those facts in the light most favorable to the plaintiff." *Id.* (quoting *Toy v. Holder*, 714 F.3d 881, 883 (5th Cir.2013)).

As to fraud, the district court concluded that the allegations did not support that anyone with the insurance agency "made any representation that [Ethan's] new policy would cover collision damage to a non-owned vehicle" and instead it was clear the policy covered only Ethan's now-totaled

vehicle. We find nothing in the complaint to the contrary. Dismissal was appropriate.

As to the RICO claim, the district court concluded that the complaint failed to plead a RICO enterprise, which is an "essential element." *Bonner v. Henderson*, 147 F.3d 457, 459 (5th Cir. 1998). The Hoggatts offer no meaningful response. We agree with the dismissal.

The district court then generally addressed the remaining claims that may have been part of the complaint. There was no error in the district court's granting of the motion to dismiss for failure to state a claim on possible remaining theories, as the allegations were not adequate to present other theories of liability.

## II.    *Motion to amend*

The district court described the Hoggatts' desired amendment to the complaint as one that would "add defense counsel as parties to this suit in what appears to be retaliation for their refusal to produce documents outside of discovery and rebukes counsel for filing 'fraudulent and dilatory motions to dismiss.'" The district court denied leave to amend, concluding the amendment would be futile.

In their motion, the Hoggatts cited Mississippi's version of Federal Rule of Civil Procedure 15(d). We will accept this as a minor citation error and analyze the motion under the equivalent federal rule, which allows supplementing a complaint with claims that arose after the original complaint's filing. Fed. R. Civ. P. 15(d). "We review the district court's denial of leave to file a supplemental complaint for abuse of discretion." *Burns v. Exxon Corp.*, 158 F.3d 336, 343 (5th Cir. 1998). When a district court denies a motion to amend based only on futility, though, we review *de novo*. *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2016). As one panel notes, the standard of review for denials based on futility under Rule

15(a) and 15(d) may be different. *Connor v. Castro*, 719 F. App'x 376, 380 n.1 (5th Cir. 2018). The Hoggatts argue here for *de novo* review. Without deciding the appropriate standard, we find that the district court's decision was proper even under a *de novo* review of the denial.

The district court came to two conclusions: (1) "to the extent [the Hoggatts] seek to amend the complaint to add defense counsel as parties, the Magistrate Judge's decision is affirmed"; and (2) "the host of 'new' claims referenced in the proposed amended complaint . . . appear repetitious or directly related to the discovery dispute."

In their reply brief, the Hoggatts argue that the attorneys representing Allstate are "appropriate Negligence per Se defendants." What we see in the offered amendments is a description of attorney efforts to represent their clients, utilizing the available procedural tools. Amendment would have been futile.

## III.    *Sanctions*

The magistrate judge granted sanctions in the form of attorneys' fees. The district court agreed with the award. The district court then awarded attorneys' fees required to respond to the Hoggatts seeking the court's review of the magistrate judge's decision.

The magistrate judge's rationale for awarding attorneys' fees was that the Hoggatts attempted to circumvent the discovery process by seeking documents outside of formal discovery. The Hoggatts' only response is that their request for documentation was pursuant to Section 612 of the Fair Credit Reporting Act, as it was based on the cancellation of a policy different from that which is the subject of the lawsuit. The Hoggatts generally state that the documents requested were pursuant to the non-renewal of Dr. and Mrs. Hoggatts' automobile insurance with Allstate, which is not the policy at issue in this case. If there is any merit to that distinction, the Hoggatts have

not sought to explain it through legal argument in their brief. We do not independently research the point. The district court did not abuse its discretion in awarding attorneys' fees.

We DENY the appellees' motion for additional attorneys' fees during this appeal.

AFFIRMED.